DAVIS, APPELLEE, *v.* STATE PERSONNEL BD. OF REVIEW; MORGAN COUNTY WELFARE DEPT. ET AL., APPELLANTS.

(No. 79-1258—Decided December 17, 1980.)

*Messrs. Tudor, Cloud & Cesner* and *Mr. Robert E. Cesner, Jr.,* for appellee.

*Messrs. Lucas, Prendergast, Albright, Gibson, Newman & Gee* and *Mr. James E. Melle,* for appellants.

Dowd, J. The question presented is whether a member of the classified civil service whose removal has been affirmed by the State Personnel Board of Review must appeal the decision, if at all, to the Court of Common Pleas of the county of his residence. We hold that R. C. 124.34 so mandates, and reinstate the judgment of the Court of Common Pleas of Franklin County which dismissed the case for want of jurisdiction.[1]

R. C. Chapter 124 provides for the establishment and operation of the classified civil service. Specifically, R. C. 124.34 allows a classified employee to appeal his removal to the courts of his own county. R. C. 124.34 states, in relevant part:

"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officers or employee may appeal from the decision of the state personnel board of review * * * to the court of common pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code."

R. C. 119.12, part of the Administrative Procedure Act, is a lengthy section, most of which is concerned with describing the appeal procedures to be followed by a party adversely affected by the order of an agency.

The first two paragraphs of that section prescribe the proper forum for the bringing of such an appeal. The second paragraph of R. C. 119.12, in particular, provides as follows:

"Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county, except that appeals

---

[1] The appellee also contends that the proceedings before the State Personnel Board of Review lacked due process in that he was denied a hearing, *Smith* v. *Mayfield Heights* (1955), 99 Ohio App. 501, and, thus, this court should declare the order of the board to be null and void and of no effect. This issue was raised by appellee in the Court of Appeals, but, given the outcome of the case below, it was never ruled upon by the appellate court. No cross-appeal was filed in this court by appellee.

Even if we were to overlook the failure of appellee to file a cross-appeal, see, *e.g.,* *F. Enterprises* v. *Kentucky Fried Chicken Corp.* (1976), 47 Ohio St. 2d 154, our appellate review powers are limited to a consideration of whether the Court of Common Pleas of Franklin County had subject-matter jurisdiction in the first instance. Having concluded that it did not, this court is not nonetheless empowered to independently supervise and review the decision of an administrative agency.

from orders of the fire marshal, issued under Chapter 3737 of the Revised Code, may be to the court of common pleas of the county in which the building of the aggrieved person is located."

The appellee points to the second paragraph of R. C. 119.12 as permitting him to bring an appeal to the Court of Common Pleas of Franklin County instead of, or in addition to, his right of appeal to the courts of his home county. In support of this interpretation of these two statutes, appellee relies upon *In re Termination of Employment* (1974), 40 Ohio St. 2d 107, arguing that, there, this court recognized the existence of such a dual right of appeal.

Appellee contends additionally that use of the phrase "may appeal" in R. C. 124.34 demonstrates the General Assembly's intention to make the forum provisions of the two sections cumulative. We disagree. We observe that the phrase "may appeal" also appears in both of the first two paragraphs of R. C. 119.12. The General Assembly was referring to the option of the aggrieved party to initiate an appeal, rather than implementing an option as to the proper forum for the appeal.

Appellee's reliance on *In re Termination, supra,* is also misplaced. Although there is language in the opinion which implies a dual right of appeal, the question then before the court was the converse of the one before us today. The issue in that case was whether a party adversely affected by an order of the State Personnel Board of Review was authorized by R. C. 124.34 to initiate an appeal in the county of the affected party's residence, and there challenge the board's jurisdiction to issue the order. The Court of Appeals for Cuyahoga County had ruled that the only forum where an appeal attacking the jurisdiction of the board could properly be brought was the Court of Common Pleas of Franklin County under R. C. 119.12. That decision was rejected by this court, and the right of a party adversely affected by a ruling of the State Personnel Board of Review to appeal under the provisions of R. C. 124.34 to the county of the affected party's residence was firmly established. However, the issue of an employee's dual right of appeal under the provisions of R. C. 119.12 and 124.34 was not addressed.

In *In re Termination, supra,* this court, in assuming the existence of the right of appeal in Franklin County, cited *State, ex rel. Oliver,* v. *State Civil Service Comm.* (1959), 168 Ohio St. 445, for the proposition that R. C. 119.12 "applies to *all orders* of the board." (Emphasis added.) *In re Termination,* 40 Ohio St. 2d at 110.

However, at the time *State, ex rel. Oliver,* was decided, the Civil Service Act, then R. C. Chapter 143, did not provide for an appeal in a removal case to the resident county of the affected employee. Thus, R. C. 119.12 was the applicable statute governing appeals from a removal order. In 1961, the General Assembly promulgated the appellate procedure presently contained in R. C. 124.34, allowing for the first time an appeal to be instituted in the aggrieved employee's home county. (129 Ohio Laws 1330, 1332.) Hence, at the time *In re Termination, supra,* was decided, R. C. 119.12 did not necessarily apply to "all orders" of the board, as stated by this court, and it was imprecise for the court to rely upon *State, ex rel. Oliver, supra,* for that statement of law. Our decision today lays to rest the argument that R. C. 119.12 governs the choice of appellate forum in removal actions.

Clearly, the forum provisions of R. C. 124.34 in removal and reduction in pay for disciplinary reasons cases were intended to supercede those of R. C. 119.12.[2] Utilizing the rules of statutory construction contained in R. C. 1.12, 1.51, and 1.52, a specific statute, enacted later in time than a pre-existing general statute, will control where a conflict between the two arises. If the General Assembly had intended to provide for a dual right of appeal, it could have specifically so stated when it enacted R. C. 124.34, as it has done in other instances. See, *e.g.,* R. C. 2506.01.

Additionally, a close reading of R. C. 124.34 demonstrates that the General Assembly incorporated by reference the entirety of the appellate procedure contained in R. C. 119.12, with one significant exception—a change was made regarding

---

[2] For examples of other personnel actions that are appealable exclusively in Franklin County under R. C. 119.12, see *State, ex rel. Kendrick,* v. *Masheter* (1964), 176 Ohio St. 232; *In re Removal of Zeigler* (1965), 1 Ohio App. 2d 336, affirmed 4 Ohio St. 2d 46; *Graul* v. *State Personnel Bd. of Review* (1962), 117 Ohio App. 108.

the county in which appeals from removal or reduction in pay for disciplinary reasons actions under R. C. 124.34 could be filed. Thus, an exception to the general rule was intended by the General Assembly.

Appellants also point toward the apparently favorable comments in *In re Termination, supra,* regarding the potential for diverse results among the lower courts in reviewing employee terminations. See *id.* at 112. There is a difference, however, between diversity among different courts in different cases, and inconsistency among different courts in a single case. If a dual right of appeal were allowed, there would be nothing preventing an appellant from filing more than one appeal from a determination of the State Personnel Board of Review. See, *e.g., In re Termination, supra.* This would be inappropriate forum-shopping, and would inevitably result in a needless increase in the cases brought before this court. It is inconceivable that the General Assembly would have intended this result.

As further support for our decision in this case, we note that, while the appointing authority has a right of appeal in removal cases under R. C. 124.34, see *Scott* v. *Reinier* (1979), 58 Ohio St. 2d 67, an appointing authority does not fall within the definition of "party" as used in R. C. 119.12, and thus has no right of appeal under that section. *State, ex rel. Osborn,* v. *Jackson* (1976), 46 Ohio St. 2d 41. A contrary viewpoint would only increase the risk of multiple appeals with inconsistent results in the same case. Our holding today should prevent such a situation from occurring.

We thus hold that the appeal of Davis was improperly brought. The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.