[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 126.]

THE STATE OF OHIO, APPELLANT, *v*. MOANING, APPELLEE.

[Cite as *State v. Moaning*, 1996-Ohio-413.]

*Criminal law—Individual convicted of attempted drug abuse is prohibited from acquiring, having, carrying, or using a firearm or dangerous ordnance pursuant to R.C. 2923.13(A)(3).*

An individual who is convicted of attempted drug abuse is prohibited from acquiring, having, carrying or using a firearm or dangerous ordnance pursuant to R.C. 2923.13(A)(3).

(Nos. 95-1090 and 95-1231—Submitted May 8, 1996—Decided July 24, 1996.)

APPEAL from and CERTIFIED by the Court of Appeals for Montgomery County, No. CA 14572.

———————————

{¶ 1} On January 25, 1994, appellee, Alvin D. Moaning, was charged by indictment with one count of aggravated robbery with a firearm specification in violation of R.C. 2911.01(A)(1) and one count of having a weapon while under disability in violation of R.C. 2923.13(A)(3). Appellee's disability was his previous conviction for attempted drug abuse in 1990, case No. 90-CR-428, in Montgomery County, Ohio.

{¶ 2} Appellee pleaded no contest to having a weapon while under disability. The court found appellee guilty and sentenced him to a one-year imprisonment. The aggravated robbery charge was dismissed.

{¶ 3} The court of appeals reversed appellee's conviction, holding that attempted drug abuse does not create a disability for purposes of R.C. 2923.13(A)(3). The court of appeals narrowly construed subsection (A)(3) of the disability statute to require that one be convicted of actual possession or use of a drug of abuse in order to create the disability. The court of appeals also certified

that its decision was in conflict with the decision of the Court of Appeals for Erie County in *State v. Lofties* (1991), 74 Ohio App.3d 824, 600 N.E.2d 744, on the following question: "Does a conviction for attempted drug abuse impose a disability pursuant to R.C. 2923.13(A)(3)?"

**{¶ 4}** This cause is now before the court upon determination that a conflict exists and pursuant to the allowance of a discretionary appeal.

———————————

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *Laura G. Ulrich,* Assistant Prosecuting Attorney, for appellant.

*Daniel E. Brinkman,* for appellee.

———————————

**STRATTON, J.**

**{¶ 5}** The issue certified to this court is whether a conviction for attempted drug abuse falls within the proscriptions of R.C. 2923.13(A)(3). We conclude that it does. Consequently, we reverse the court of appeals and hold that one who is convicted of attempted drug abuse is prohibited from acquiring, having, carrying or using a firearm or dangerous ordnance pursuant to R.C. 2923.13(A)(3).

**{¶ 6}** R.C. 2923.13(A)(3) provides:

"(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

"* * *

"(3) Such person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse, or has been adjudged a juvenile delinquent for commission of any such offense[.]"

**{¶ 7}** The court of appeals ruled that while Moaning's conviction for attempted drug abuse may have been an offense involving drug abuse, it was not

an offense involving the "*possession*" or "*use*" of a drug of abuse. However, in *State v. Lofties* (1991), 74 Ohio App.3d 824, 600 N.E.2d 744, the Court of Appeals for Erie County read R.C. 2923.13(A)(3) *in pari materia* with the statutory definition of "drug abuse offense," R.C. 2925.01(H), and concluded that a conviction for attempted drug abuse does create a disability under the statute.

{¶ 8} When construing a legislative enactment, courts must look to the language used in the statute to ascertain the legislative intent. *State v. Hill* (1994), 70 Ohio St.3d 25, 31, 635 N.E.2d 1248, 1253. Although the offense of attempt is not expressly stated in subsection (A)(3), the statute does not limit the disability merely to indictments for and convictions of illegal possession or use of drugs. Instead, R.C. 2923.13(A)(3) broadly defines the disability as arising when one is "under indictment for or has been convicted of *any offense involving* the illegal possession, [or] use * * * [of] any drug of abuse." (Emphasis added.) A court must give effect to all words of the statute. *Shover v. Cordis Corp.* (1991), 61 Ohio St.3d 213, 218, 574 N.E.2d 457, 461. The court of appeals recognized that attempted drug abuse may be an offense "involving" drug abuse; however, the court failed to make the logical transition that attempted drug abuse also "involves" the illegal possession or use of a drug of abuse.

{¶ 9} Our interpretation is consistent with the Legislative Service Commission's comment to R.C. 2923.13, as enacted by Am.Sub. H.B. No. 511, which states:

"This section is similar to a former prohibition against weapons in the hands of bad risks, including fugitives, certain felons, drug dependent persons, alcoholics, and mental incompetents. The section expands upon the former law by including within the prohibition persons under indictment for or who have been convicted of * * * any felony of violence or any drug abuse offense." The comment is persuasive to the extent that it provides insight into the legislature's analysis when drafting the

law. The Legislative Service Commission's comment is an indication of the legislature's intent to broaden the scope of the disability statute.

{¶ 10} It is a well-settled rule of statutory interpretation that statutory provisions be construed together and the Revised Code be read as an interrelated body of law. *Wooster Republican Printing Co. v. Wooster* (1978), 56 Ohio St.2d 126, 132, 10 O.O.3d 312, 315, 383 N.E.2d 124, 128. Statutes which relate to the same subject are *in pari materia.* Although enacted at different times and making no reference to each other, they should be read together to ascertain and effectuate the legislative intent. *State ex rel. Pratt v. Weygandt* (1956), 164 Ohio St. 463, 466, 58 O.O. 315, 316-317, 132 N.E.2d 191, 194. The Revised Code broadly defines "drug abuse offense" in R.C. 2925.01(H). Subsection (H)(4) expressly includes within the definition the "attempt to commit" any drug abuse offense otherwise referred to in R.C. 2925.01(H). Consistent with the *Lofties* court in construing the phrase "any offense involving * * * any drug of abuse" in R.C. 2923.13 (A)(3), the legislature intended, as suggested by the Legislative Service Commission's comment and by rule of statutory construction, that the phrase refer to drug abuse offenses as defined in R.C. 2925.01(H)(1)-(4). *State v. Lofties*, 74 Ohio App.3d at 827, 600 N.E.2d at 746. Consequently, a conviction of attempted drug abuse constitutes a disability when reading R.C. 2923.13(A)(3) *in pari materia* with R.C. 2925.01(H)(4).

{¶ 11} Should this court accept appellee's interpretation that a conviction for attempted drug abuse is not included within the meaning of R.C. 2923.13(A)(3), the result would be illogical and produce unintended consequences. According to appellee's construction of the statute, one who successfully completes a drug abuse offense would be under a disability and would be prohibited from possessing a weapon. Yet one who tried to commit the same offense but did not complete it would not be prohibited from possessing a weapon.

**{¶ 12}** If the purpose of the statute is to keep weapons out of the hands of those involved with drugs, then it is likewise important to keep weapons away from a person who attempts to commit an illegal drug abuse offense yet fails. Omission of the offense of attempted drug abuse from the meaning of subsection (A)(3) would thwart the intent and purpose of the statute by granting leniency to an individual who intended and attempted to commit a drug abuse offense but was unable to complete it. One who cannot even successfully complete an offense involving drugs may be even more dangerous with a weapon in his or her hands.

**{¶ 13}** Therefore, we hold that a conviction for attempted drug abuse imposes a disability pursuant to R.C. 2923.13(A)(3). The court of appeals is reversed and the judgment of the trial court is reinstated.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, EVANS, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

JOHN R. EVANS, J., of the Third Appellate District, sitting for RESNICK, J.

_____