OPINION
{¶ 1} In this consolidated appeal, appellants, BP Exploration Oil, Inc., Robert Sherlock, and Matt Weaver (collectively "appellants"), appeal from the judgment of the Franklin County Court of Common Pleas that dismissed appellants' administrative appeals for lack of subject-matter jurisdiction. For the following reasons, we affirm.
 {¶ 2} Robert Sherlock and BP Exploration Oil, Inc. ("BP"), apparently now known as BP Products North America, were cited by the state fire marshal for fire code violations at a fueling plant in Beverly, Ohio. Matt Weaver and BP were cited by the state fire marshal for fire code violations at a fueling plant in Seville, Ohio. BP, Sherlock, and Weaver appealed the citations to the state board of building appeals ("board").
 {¶ 3} After appellants were served notice, the board held hearings to consider appellants' appeals. In November 2003, the board rendered decisions that did not include findings of fact or conclusions of law. Appellants moved the board to reconsider its decisions and moved for findings of fact and conclusions of law. In December 2003, the board denied appellants' motions for reconsideration.
 {¶ 4} Appellants appealed from the board's decisions of November 2003 to the Franklin County Court of Common Pleas. Upon appellants' motion, the common pleas court consolidated these appeals. The state fire marshal ("appellee") moved to dismiss appellants' appeals pursuant to Civ.R. 12(B)(1) and 12(H)(3). The common pleas court granted appellee's motions to dismiss and dismissed appellants' appeals for lack of subject-matter jurisdiction.
 {¶ 5} From the common pleas court's judgments, appellants appeal to this court. Upon appellants' motion, this court consolidated the appeals.
 {¶ 6} Appellants assign a single error for our review:
The Franklin County Court of Common Pleas erred in granting Appellee State Fire Marshal's Motion to Dismiss Based Upon Lack of Subject Matter Jurisdiction.
 {¶ 7} Appellate review of a trial court's dismissal of an action for lack of subject-matter jurisdiction is a question of law that is reviewed independently of a trial court's analysis and decision. Gary Phillips Assoc. v. Ameritech Corp. (2001), 144 Ohio App.3d 149, 154, appeal not allowed, 93 Ohio St.3d 1451; Newell v. TRW, Inc./Kelsey-Hayes Co.
(2001), 145 Ohio App.3d 198, 200; Ford v. Tandy Transp., Inc.
(1993), 86 Ohio App.3d 364, 375.
 {¶ 8} Appellants assert that R.C. 119.12 grants authority to the Franklin County Court of Common Pleas to consider their administrative appeals and, therefore, appellants contend that the Franklin County Court of Common Pleas erred as a matter of law when it found it lacked subject-matter jurisdiction to consider appellants' administrative appeals.
 {¶ 9} Appellee asserts that R.C. 3737.43 governs, not R.C. 119.12. Appellee contends that R.C. 3737.43(B) requires appellants' administrative appeals to have been brought before the common pleas courts of the counties where the properties that were cited are located. Because neither of these properties is located in Franklin County, appellee contends the common pleas court's dismissal was proper.
 {¶ 10} Interpretation of a statute is a matter of law that is reviewed by an appellate court under a de novo standard. Gatchel v. Gatchel,
Wyandot App. No. 16-04-11, 2005-Ohio-148, at ¶ 9, citing State v. Wemer
(1996), 112 Ohio App.3d 100, 103.
 {¶ 11} "It is a well-settled rule of statutory interpretation that statutory provisions be construed together and the Revised Code be read as an interrelated body of law." State v. Moaning (1996),76 Ohio St.3d 126, 128, citing Wooster Republican Printing Co. v.Wooster (1978), 56 Ohio St.2d 126, 132, superseded by statute as stated in State ex rel. WBNS TV, Inc. v. Dues, 101 Ohio St.3d 406, 2004-Ohio-1497, at ¶ 34; see, also, State ex rel. Pratt v. Weygandt (1956),164 Ohio St. 463, 466.
 {¶ 12} "The primary duty of a court in construing a statute is to give effect to the intention of the Legislature enacting it. In determining that intention, a court should consider the language used and the apparent purpose to be accomplished, and then such construction should be adopted which permits the statute and its various parts to be construed as a whole and gives effect to the paramount object to be attained."Humphrys v. Winous Co. (1956), 165 Ohio St. 45, 49, citing Cochrel v.Robinson (1925), 113 Ohio St. 526.
 {¶ 13} "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation. An unambiguous statute is to be applied, not interpreted." Sears v. Weimer (1944), 143 Ohio St. 312, paragraph five of the syllabus. "However, where a statute is found to be subject to various interpretations, a court called upon to interpret its provisions may invoke rules of statutory construction in order to arrive at legislative intent." Cline v. Ohio Bur. of Motor Vehicles (1991),61 Ohio St.3d 93, 96; see, also, R.C. 1.49 (aids in construction of ambiguous statutes).
 {¶ 14} In United Tel. Co. of Ohio v. Limbach (1994), 71 Ohio St.3d 369, the Supreme Court of Ohio also instructed:
"First, all statutes which relate to the same general subject matter must be read in pari materia. And, in reading such statutes in parimateria, and construing them together, this court must give such a reasonable construction as to give the proper force and effect to each and all such statutes. The interpretation and application of statutes must be viewed in a manner to carry out the legislative intent of the sections. All provisions of the Revised Code bearing upon the same subject matter should be construed harmoniously. This court in the interpretation of related and co-existing statutes must harmonize and give full application to all such statutes unless they are irreconcilable and in hopeless conflict."
Id. at 372, quoting Johnson's Markets, Inc. v. New Carlisle Dept. ofHealth (1991), 58 Ohio St.3d 28, 35. (Citations omitted.) See, also,Moaning, at 128, citing Pratt, at 466; State v. Leichty (1993),68 Ohio St.3d 37, 39; Cty. of San Diego v. Elavsky (1979),58 Ohio St.2d 81, 86.
 {¶ 15} R.C. 3737.43(A) provides that a responsible party may appeal a citation and penalty of the state fire marshal to the state board of building appeals. Pursuant to R.C. 3737.43(B), a responsible person who is aggrieved by an order of the state board of building appeals "may appeal to the court of common pleas where the property that is the subject of the citation is located, within thirty days after the board renders its decision." Id.
 {¶ 16} Comparatively, R.C. 119.12, in relevant part, provides:
Any party adversely affected by any order of an agency issued pursuant to an adjudication denying an applicant admission to an examination, or denying the issuance or renewal of a license or registration of a licensee, or revoking or suspending a license, or allowing the payment of a forfeiture under section 4301.252 of the Revised Code, may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident, except that appeals from decisions of the liquor control commission, the state medical board, state chiropractic board, and board of nursing shall be to the court of common pleas of Franklin county. If any such party is not a resident of and has no place of business in this state, the party may appeal to the court of common pleas of Franklin county.
Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county, except that appeals from orders of the fire marshal issued under Chapter 3737. of the Revised Code may be to the court of common pleas of the county in which the building of the aggrieved person is located.
 {¶ 17} Appellants construe the second paragraph of R.C. 119.12 as providing them with a right of appeal to either the common pleas court of Franklin County or the common pleas courts of the counties in which the structures that were cited by the fire marshal are located.
 {¶ 18} Relevant to our analysis is Davis v. State Personnel Bd. ofReview (1980), 64 Ohio St.2d 102, upon which the common pleas court relied when it concluded it lacked jurisdiction to consider appellants' appeals.
 {¶ 19} In Davis, upon an allowance of a motion to certify the record, the Supreme Court of Ohio was presented with this question: "whether a member of the classified civil service whose removal has been affirmed by the State Personnel Board of Review must appeal the decision, if at all, to the Court of Common Pleas of the county of his residence." Id. at 103. Reversing this court that had found appellee Davis had a right of appeal in Franklin County under R.C. 119.12, the Davis court held that Davis's appeal was improperly brought before the common pleas court of Franklin county. Davis, at 106.
 {¶ 20} In Davis, the Supreme Court of Ohio compared former R.C. 124.34
with former R.C. 119.12. Former R.C. 124.34, in relevant part, provided:
"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officers or employee may appeal from the decision of the state personnel board of review * * * to the court of common pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code."
Davis, at 103.
 {¶ 21} Comparatively, R.C. 119.12, then in effect, in relevant part, provided:
"Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county, except that appeals from orders of the fire marshal, issued under Chapter 3737. of the Revised Code, may be to the court of common pleas of the county in which the building of the aggrieved person is located."
Davis, at 103-104.
 {¶ 22} On appeal, Davis contended that the phrase "may appeal" in former R.C. 124.34 demonstrated the General Assembly's intention to make the forum provisions of former R.C. 124.34 and 119.12 cumulative. TheDavis court disagreed and found that "[t]he General Assembly was referring to the option of the aggrieved party to initiate an appeal, rather than implementing an option as to the proper forum for the appeal." Davis, at 104.
 {¶ 23} The Davis court observed that "[c]learly, the forum provisions of [former] R.C. 124.34 in removal and reduction in pay for disciplinary reasons cases were intended to supercede those of [former] R.C. 119.12."Davis, at 105. (Footnote omitted.) The court in Davis further stated:
* * * Utilizing the rules of statutory construction contained in R.C.1.12, 1.51, and 1.52, a specific statute, enacted later in time than a pre-existing general statute, will control where a conflict between the two arises. If the General Assembly had intended to provide for a dual right of appeal, it could have specifically so stated when it enacted [former] R.C. 124.34, as it has done in other instances.
Id. The Davis court also found that if former R.C. 124.34 and 119.12
were construed to allow for a dual right of appeal, then "there would be nothing preventing an appellant from filing more than one appeal from a determination of the State Personnel Board of Review. * * * This would be inappropriate forum-shopping, and would inevitably result in a needless increase in the cases brought before this court. It is inconceivable that the General Assembly would have intended this result." Davis, at 106.
 {¶ 24} Construing Davis, we find that the phrase "may appeal" in the second paragraph of the current version of R.C. 119.12 refers to the option of an aggrieved party to initiate an appeal. See R.C. 119.12
(providing, in relevant part, that "[a]ny party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal
to the court of common pleas * * *"). (Emphasis added.) Such an interpretation is consistent with the usage of "may appeal" in the first paragraph of R.C. 119.12.
 {¶ 25} According to the first paragraph of R.C. 119.12, excepting appeals from decisions of the liquor control commission, the state medical board, the state chiropractic board, and the board of nursing:
* * * [a]ny party adversely affected by any order of an agency issued pursuant to an adjudication denying an applicant admission to an examination, or denying the issuance or renewal of a license or registration of a licensee, or revoking or suspending a license, or allowing the payment of a forfeiture under section 4301.252 of the Revised Code, may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident * * *.
(Emphasis added.) The first paragraph of R.C. 119.12 also provides that a party that is not an Ohio resident and has no place of business in Ohio "may appeal" to the Franklin County Court of Common Pleas from any order of an agency pursuant to an adjudication. Here, we find the phrase "may appeal" in the context of the first paragraph of R.C. 119.12 refers to the option of an aggrieved party to initiate an appeal and does not implement an option as to the proper forum for an appeal.
 {¶ 26} Appellants assert, however, that the General Assembly's use of "may" in the second paragraph of R.C. 119.12 contrasted with the General Assembly's designation in the first paragraph of R.C. 119.12 that appeals from the liquor control commission, the state medical board, the state chiropractic board, and the board of nursing "shall" be to the court of common pleas of Franklin county indicates that the General Assembly did not intend to restrict appeals from orders of the state fire marshal to the court of common pleas where the building of an aggrieved person is located. See R.C. 119.12 (providing, in relevant part, that "except that appeals from orders of the fire marshal issued under Chapter 3737. of the Revised Code may be to the court of common pleas of the county in which the building of the aggrieved person is located"). (Emphasis added.)
 {¶ 27} "Ordinarily, the words `shall' and `may,' when used in statutes, are not used interchangeably or synonymously." Dorrian v.Scioto Conservancy Dist. (1971), 27 Ohio St.2d 102, 107, citing State exrel. Wendling Bros. Co. v. Bd. of Edn. (1933), 127 Ohio St. 336. "However, in order to serve the basic aim of construction of a statute — to arrive at and give effect to the intent of the General Assembly — it is sometimes necessary to give the words `may' and `shall' as used in a statute, meanings different from those given them in ordinary usage * * * and one may be construed to have the meaning of the other * * *."Dorrian, at 107-108. (Citations omitted.)
 {¶ 28} Thus, because "may" and "shall" as used in a statute may have different meanings from those given in ordinary usage, Dorian, at 107-108, we do not find the General Assembly's usage of these terms in R.C. 119.12 is per se dispositive of the General Assembly's intent with respect to the forum where appeals from orders of the state fire marshal may be brought.
 {¶ 29} In Moaning, supra, the Supreme Court of Ohio instructed that "[s]tatutes which relate to the same subject are in pari materia.
Although enacted at different times and making no reference to each other, they should be read together to ascertain and effectuate the legislative intent." Id. at 128, citing Pratt, at 466; see, also, Davis,
at 105.
 {¶ 30} Through Am.Sub.H.B. No. 590, effective July 1, 1979, R.C. 3737.43
was enacted and established hearing procedures for state fire code violations as well as a provision for a right of appeal under R.C. 119.12. 137 Ohio Laws, Part II, 3023, 3044. In 1995, through Am.Sub.S.B. No. 162, the General Assembly amended R.C. 3737.43, altering the statute's provisions for administrative review of state fire code violations. 146 Ohio Laws, Part V, 9163. Am.Sub.S.B. No. 162 amended R.C. 3737.43 as follows:
If the responsible person is aggrieved by an order of the board, the person may appeal to the court of common pleas where the property that is the subject of the citation is located, within thirty days after the board renders its decision.
146 Ohio Laws, Part V, 9163, 9551.
 {¶ 31} R.C. 3737.43 was also amended in 2003 by Am.Sub.S.B. No. 115, effective March 19, 2003. However, Am.Sub.S.B. No. 115 did not alter the statutory language that is at issue here and that became effective in 1995 through Am.Sub.S.B. No. 162.
 {¶ 32} By contrast, the provision of R.C. 119.12 that appellants rely upon was enacted in 1963 through Am.Sub.H.B. No. 539. 130 Ohio Laws 16. Am.Sub.H.B. No. 539 amended the second paragraph of R.C. 119.12 as follows:
Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county, except that appeals from the orders of the firemarshal, issued under section 3737.20 of the Revised Code, may be to thecourt of common pleas of the county in which the building of theaggrieved person is located.
130 Ohio Laws 16. (Emphasis added.) Cf. former R.C. 3737.21[1] (which was in effect when Am.Sub.H.B. No. 539 was enacted and which provided that "[a]ny person aggrieved by the final order of the fire marshal as made at the hearing provided for in section 3737.20 of the Revised Code, may appeal as provided by section 119.12 of the Revised Code. * * *").
 {¶ 33} Later, through Am.Sub.H.B. 590, the General Assembly amended the second paragraph of R.C. 119.12 by changing "section 3737.20" to "Chapter 3737." 137 Ohio Laws, Part II, 3023, 3025. Am.Sub.H.B. No. 590 is the same legislation that enacted R.C. 3737.43 and repealed R.C.3737.20. Since 1979, the language in the second paragraph of R.C. 119.12
upon which appellants rely essentially has remained unchanged. See Am.Sub.H.B. 412, 141 Ohio Laws, Part II, 3563, 3567 (making non-substantive changes to the second paragraph of R.C. 119.12).
 {¶ 34} Appellants assert that in 1963 through Am.Sub.H.B. No. 539 the General Assembly intended to provide an aggrieved party with a choice of forums in which to bring an appeal from an order of the state fire marshal. To support this contention, appellants rely upon an unauthenticated excerpt of a document apparently from the Ohio Legislative Service Commission concerning Sub.H.B. No. 539, not Am.Sub.H.B. No. 539, which apparently provides an account by Messrs. Wetzel-Jones as reported by the Senate Judiciary Committee.[2] But seeCleveland Electric Illuminating Co. v. Cleveland (Apr. 21, 1977), Cuyahoga App. No. 35999 (stating that "[t]he subsequent representations of one member of a legislative body, even the sponsor of a bill, are not probative of the intent of the body at the time of enactment of a bill");Vukovich v. Youngstown (Sept. 25, 1990), Mahoning App. No. 88 C.A. 198, jurisdictional motion overruled (1991), 58 Ohio St.3d 703.
 {¶ 35} Here, even assuming that in 1963 through its amendment to former R.C. 119.12, the General Assembly intended to provide an aggrieved party a choice of forums for appeals from orders of the state fire marshal, this legislative history must be interpreted in the context of former R.C. 3737.21, which provided for a general right of appeal under former R.C. 119.12, and the language of R.C. 3737.43(A) and (B), which was enacted subsequent to 1963.
 {¶ 36} Even assuming, arguendo, that in 1963 the General Assembly intended that an aggrieved party should have a choice of forums wherein to bring an appeal from an order of the state fire marshal, because the provisions that are presently contained in division (B) of R.C. 3737.43
were enacted later than the preexisting provisions contained in the second paragraph of R.C. 119.12 concerning appeals from orders of the state fire marshal, we conclude that the General Assembly intended that the current administrative review provisions of R.C. 3737.43(B) should supersede those contained in the second paragraph of R.C. 119.12
regarding appeals from orders of the state fire marshal. See Davis, at 105.
 {¶ 37} Moreover, when the second paragraph of R.C. 119.12 and R.C.3737.43(B) are considered in pari materia, these statutory provisions are not hopelessly irreconcilable. The second paragraph of R.C. 119.12
provides:
Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county, except that appeals from orders of the fire marshal issued under Chapter 3737. of the Revised Code may be to the court of common pleas of the county in which the building of the aggrieved person is located.
 {¶ 38} If the phrase "may appeal" and the term "may" in the second paragraph of R.C. 119.12 are construed to pertain to the option of an aggrieved party to initiate an appeal, see Davis, supra, then the second part of the second paragraph of R.C. 119.12 instructs an aggrieved party to bring an appeal from an order of the fire marshal to the common pleas court of the county in which the building of the aggrieved person is located.
 {¶ 39} Comparatively, R.C. 3737.43(B) instructs an aggrieved party to bring an appeal from the state board of building appeals to the common pleas court where the property that is the subject of the citation is located. See R.C. 3737.43(B).
 {¶ 40} Thus, although the language in R.C. 119.12 and 3737.43(B) slightly differ, both these provisions direct an aggrieved party to direct an appeal to the common pleas court of the county where the building or property is located. Therefore, we cannot conclude that R.C.119.12 and 3737.43(B) are hopelessly irreconcilable.
 {¶ 41} Accordingly, when R.C. 3737.43(B) and the second paragraph of R.C. 119.12 are considered as an interrelated body of law and in pari materia, we conclude that R.C. 3737.43(B) is controlling regarding appeals from orders of the state fire marshal. Moreover, having concluded that R.C. 3737.43(B) is controlling, we find that R.C. 119.12 does not confer a right of appeal from an order of the state fire marshal to the common pleas court of Franklin county.
 {¶ 42} Finally, even assuming, arguendo, that R.C. 119.12 provides appellants with a right of appeal from a decision of the state board of building appeals to the common pleas court of Franklin county and the structures that were cited by the state fire marshal properly can be construed as "buildings" for purposes of R.C. 119.12, we find that appellants apparently failed to timely perfect an appeal pursuant to R.C.119.12.
 {¶ 43} R.C. 119.12, in relevant part, provides that "[a]ny party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. * * * Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section."
 {¶ 44} Here, the state board of building appeals mailed its decisions by certified mail on November 21, 2003; however, appellants did not file notices of appeal with the board until December 22, 2003. Accordingly, appellants did not file their notices of appeal with the board within 15 days as required by R.C. 119.12. Assuming, arguendo, that the state board of building appeals complied with the procedural requirements of R.C.119.09, because appellants apparently did not timely file their notices of appeal with the state board of building appeals, the common pleas court of Franklin county would have lacked jurisdiction to consider appellants' administrative appeals. See, generally, Blasko v. Ohio StateBd. of Pharmacy (2001), 143 Ohio App.3d 191, 193, dismissed, appeal not allowed, 93 Ohio St.3d 1413 (observing that if an agency complies with procedural requirements of R.C. 119.09, a party's failure to timely file a notice of appeal with an agency deprives a court of jurisdiction to hear appeal); Harrison v. Ohio State Med. Bd. (1995),103 Ohio App.3d 317, 321, dismissed, appeal not allowed,74 Ohio St.3d 1416 (stating that "[i]t is well settled that the failure to file a notice of appeal with the appropriate agency within the fifteen-day limit provided for in R.C. 119.12 is a jurisdictional defect").
 {¶ 45} Accordingly, for the foregoing reasons, appellants' single assignment of error is unconvincing and is overruled.
 {¶ 46} Having overruled appellants' sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Lazarus and French, JJ., concur.
[1] Former R.C. 3737.21 was repealed by Am.Sub.H.B. 590, 137 Ohio Laws, Part II, 3023. Through Am.Sub. S.B. No. 115, effective March 19, 2003, the General Assembly enacted the current version of R.C. 3737.21.
[2] This document states:
"Sub. H.B. No. 539
"Messrs. Wetzel-Jones
"(as reported by the Senate Judiciary Committee)
* * *
"Present law permits appeals from decisions, other than licensing decisions of state agencies, including the fire marshal, to be made to the court of common pleas of Frankly County only. This bill makes an exception for the fire marshal's decisions and permits such appeals to be made to the court of common pleas of the county in which the building of the aggrieved person is located. * * *.
"The bill apparently gives the aggrieved person a choice between Franklin County and the county where the building is located * * *.
"LSC
"5/16/63"