[Cite as *Hamer v. Danbury Twp. Bd. of Zoning Appeals*, 2020-Ohio-3209.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Lynne Hamer and Gregory D. Johnson

    Appellant

v.

Danbury Township Board of
Zoning Appeals, et al.

    Appellee

Court of Appeals No. L-19-1210

Trial Court No. CI0201902493

**DECISION AND JUDGMENT**

Decided:  June 5, 2020

* * * * *

Lynne Hamer, pro se.

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Blake W. Skilliter, Assistant Prosecuting Attorney, for appellee.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Lynne Hamer, appeals the August 27, 2019 judgment of the

Lucas County Court of Common Pleas dismissing her administrative appeal for lack of

jurisdiction.  For the reasons that follow, we affirm the trial court's judgment.

## I. Background

{¶ 2} On February 19, 2019, Hamer filed a request for a conditional use permit and a request for a variance from the local zoning restrictions with the Danbury Township Board of Zoning Appeals ("the Board") in Ottawa County, Ohio. With her request, Hamer sought a permit to operate a bed and breakfast on her property (which is a conditional use under local zoning law) and a variance from the requirement that the property be owner-occupied during the conditional use. Her request was placed on the agenda for the March 20, 2019 meeting of the Board.

{¶ 3} At that meeting, Hamer and her co-petitioner, Gregory Johnson, a non-party to this appeal, provided the Board with a description of their planned project and its anticipated operation. The Board then accepted oral testimony, as well as a written statement from a neighboring property owner regarding her opposition to Hamer's requests. Hamer objected to the neighbor's written testimony. She argued that written testimony violated the Board's meeting rules which, she claimed, required oral testimony and permitted her to cross-examine anyone testifying against her request. Her objection was denied and the Board moved into executive session for deliberation.

{¶ 4} On April 18, 2019, the Board's administrator forwarded correspondence to Hamer informing her that the Board denied both of her requests. On May 20, 2019, Hamer filed a notice of appeal of the Board's administrative decision with the Lucas County Court of Common Pleas, ostensibly in accordance with R.C. Chapter 2506 which permits an aggrieved party to appeal administrative decisions of a political subdivision.

2.

The Board filed a motion to dismiss under Civ.R. 12(B)(2) and (3), arguing that the Lucas County court did not have personal jurisdiction over it and that Lucas County was an improper venue for Hamer's appeal. Hamer opposed the Board's motion on June 4, 2019, arguing that R.C. 2506.01 permitted her to file her appeal in any Ohio county.

{¶ 5} On August 26, 2019, the trial court granted the Board's motion to dismiss. The trial court held that R.C. 2506.01 authorized only the court of common pleas in the county where the Board's principal office was located—that is, Ottawa County—to hear an appeal from a Board decision. As a result, the trial court concluded that it lacked jurisdiction over Hamer's administrative appeal.

{¶ 6} Appellant timely appeals from the trial court's dismissal of her appeal and asserts the following error for our review:

The error lies in the wording in Ohio Revised Code section 2506.01 stating that an administrative appeal "may be filed in the court of common pleas of the county in which the principal office of the political subdivision is located." According to *Merriam-Webster's Dictionary*, the *Cambridge English Dictionary,* and the *Oxford English Dictionary*, the word *may*, as a modal verb, in its primary meaning "is used to indicate possibility or probability." Thus in common usage, the word *may* leaves open other possibilities: if it were a requirement to file in that county, using the word *must* in O.R.C. section 2506.01 would unambiguously communicate the intent.

3.

## II. Law and Analysis

{¶ 7} Because this case concerns the interpretation of a statute, which is a question of law, our review is de novo. *Riedel v. Consol. Rail Corp.*, 125 Ohio St.3d 358, 2010-Ohio-1926, 928 N.E.2d 448, ¶ 6, citing *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, ¶ 8.

{¶ 8} "The object of judicial investigation in the construction of a statute is to ascertain and give effect to the intent of the law-making body which enacted it." *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 11, citing *Slingluff v. Weaver*, 66 Ohio St. 621, 64 N.E. 574 (1902). "[T]he intent of the law-makers to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly, and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation." *Id.* at ¶ 12. "The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact." *Id.* "If the language chosen by the general assembly is not ambiguous then we need not interpret it, we must simply apply it." *Id.* at ¶ 13, citing *Sears v. Weimer*, 143 Ohio St. 312, 55 N.E.2d 413, syllabus.

{¶ 9} "[A] statute is ambiguous when its language is susceptible to more than one reasonable interpretation." *Family Medicine Found., Inc. v. Bright*, 96 Ohio St.3d 183, 2002-Ohio-4034, 772 N.E.2d 1177, ¶ 8. "In determining whether a statute is ambiguous, we objectively and thoroughly examine the statute, consider each provision in context,

4.

and apply the ordinary rules of grammar." *Ohio Neighborhood Fin. Inc. v. Scott*, 139 Ohio St.3d 536, 2014-Ohio-2440, 13 N.E.3d 1115, ¶ 25.

{¶ 10} The statute at issue in this case, R.C. 2506.01, concerns administrative appeals. "The right to appeal an administrative decision is neither inherent, nor inalienable; to the contrary, it must be conferred by statute." *Midwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 177, 743 N.E.2d 894 (2001). "[J]urisdiction over an administrative appeal is improper 'unless granted by R.C. 119.12 or other specific statutory authority.'" *Nkanginieme v. Ohio Dept. of Medicaid*, 2015-Ohio-656, 29 N.E.3d 281, ¶ 15 (10th Dist.), citing *Abt. V. Ohio Expositions Comm.*, 110 Ohio App.3d 696, 699, 675 N.E.2d 43 (10th Dist.1996).

{¶ 11} Relevant here, R.C. 2506.01 states:

[E]very final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505 of the Revised Code.

{¶ 12} The trial court found that this language conferred exclusive jurisdiction over Hamer's administrative appeal to the Ottawa County Court of Common Pleas where the Board, a division of Danbury Township, maintained its principal office. The court

5.

then dismissed Hamer's appeal on the grounds that it had no statutory authority to exercise jurisdiction over Hamer's claims.[1]

{¶ 13} Hamer argues this was error. According to Hamer, because R.C. 2506.01 states that an administrative appeal "*may* be reviewed" in the common pleas court of the county encompassing the political subdivision's principal office—rather than "*must* be reviewed" in that particular common pleas court—filing an appeal in the principal-office jurisdiction is discretionary, not mandatory. She asserts that R.C. 2506.01 does not clearly define which court has jurisdiction over her appeal and, therefore, she may file her appeal with any common pleas court in Ohio.

{¶ 14} While we agree that "statutory use of the word 'may' is generally construed to make the provision in which it is contained optional, permissive, or discretionary," *Dorian v. Scioto Conservancy District*, 27 Ohio St.2d 102, 107, 271 N.E.2d 834 (1971), we disagree with Hamer regarding *which provision* within R.C. 2506.01 is optional, permissive, or discretionary. As used in R.C. 2506.01, the use of the word "may" plainly and unambiguously refers to a party's discretion to appeal an administrative ruling—it does not provide that party any discretion as to where the appeal may be filed. If a party decides to appeal an administrative ruling, such appeal may be reviewed by only one

---

[1] Although the Board moved to dismiss the complaint on other grounds, a trial court's statutory authority to hear an appeal relates to subject-matter jurisdiction. *Groverport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revisions*, 137 Ohio St.3d 266, 2013-Ohio-4627, 998 N.E. 2d 1132, ¶ 25. A trial court can address its own subject-matter jurisdiction, sua sponte, at any time. *Fox v. Eaton Corp.*, 48 Ohio St.2d 236, 238, 358 N.E.2d 536, 537 (1976).

court: "the court of common pleas of the county in which the principal office of the political subdivision is located." R.C. 2506.01. This is the only reasonable interpretation of the statute.

{¶ 15} The Supreme Court of Ohio has reached a similar conclusion when reviewing analogous statutes. In *Davis v. State Personnel Bd. of Review*, 64 Ohio St.2d 102, 413 N.E.2d 816 (1980), the court reviewed R.C. 119.12 and 124.34, both of which stated that a party "may appeal" an adverse administrative decision in a specific court. *Id.* at 104. There, it was held that in using the phrase "may appeal," "[t]he General Assembly was referring to the option of the aggrieved party to initiate an appeal, rather than implementing an option as to the proper forum for the appeal." *Id.* Similarly, in *Bergman v. Monarch Construction Co.*, 124 Ohio St.3d 354, 2010-Ohio-622, the court reviewed the language of R.C. 4115.10(A), which stated that an employee who was paid less than the mandatory prevailing wage on an applicable construction project "may recover" a penalty equal to 25 percent of the underpaid wages. While the defending employer argued that the statute's use of such permissive language rendered the penalty discretionary, the court determined that "'may recover' within R.C. 4115.10(A) pertains to the choice the underpaid employee has to enforce his or her right to recover the underpayment" rather than describing the nature of the penalty. *Id.* at ¶ 14. Therefore, the statute's use of the phrase "may recover" in describing a party's right to initiate a claim did not impact the determination of whether the penalty was discretionary or mandatory. *Id.*

7.

{¶ 16} We see no reason to read the plain language of R.C. 2506.01—which states that an administrative decision of a political subdivision "may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located"—any differently. The statute did not provide Hamer with the option to file her administrative appeal in any county in Ohio. Rather, the statute provided Hamer with the option to appeal. Hamer exercised her discretion to file an appeal of the Board's ruling, but the only court with statutory authority to hear that appeal was the Ottawa County Court of Common Pleas—that is, the court of the county in which the Board's principal office is located. Under the plain language of R.C. 2506.01, no other court was authorized to hear her appeal.

{¶ 17} Thus, we find that the Lucas County Court of Common Pleas did not err in dismissing appellant's appeal for lack of subject-matter jurisdiction and her assignment of error is not well-taken.

### III. Conclusion

{¶ 18} We find appellant's assignment of error not well-taken. We therefore affirm the judgment of the Lucas County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.            _____

                                                      JUDGE

Christine E. Mayle, J.         

                                         _____

Gene A. Zmuda, P.J.            JUDGE
CONCUR.

                                         _____
                                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.