NIBERT, Appellant,

v.

OHIO DEPARTMENT OF REHABILITATION & CORRECTION, Appellee.

[Cite as *Nibert v. Ohio Dept. of Rehab. & Corr.* (1997), 119 Ohio App.3d 431.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE10–1344.

Decided April 29, 1997.

*Tanner, Mathewson & Hansgen* and *Kelli E. Tyrrell,* for appellant.

*Betty D. Montgomery,* Attorney General, and *John B. Kahle,* Assistant Attorney General, for appellee.

PEGGY BRYANT, Judge.

Appellant, Marie Nibert, appeals from a judgment of the Franklin County Court of Common Pleas dismissing her appeal for lack of subject matter jurisdiction under R.C. 124.34. Because the trial court properly determined it was without subject matter jurisdiction pursuant to *Davis v. State Personnel Bd. of Review* (1980), 64 Ohio St.2d 102, 18 O.O.3d 345, 413 N.E.2d 816, we affirm.

By an R.C. 124.34 order entered on the record as of March 20, 1996, appellant, a Personnel Officer 3 at the London Correctional Institution, was notified of a reduction in position to Personnel Officer 2, effective March 18, 1996. Appellant appealed that decision by letter dated March 21, 1996 to the State Personnel Board of Review ("board"). Following a hearing, the board affirmed the order of reduction. By letter mailed July 10, 1996, appellant and her counsel were notified of the decision.

On July 25, 1996, appellant filed a notice of appeal with the board, indicating her intention to appeal the decision of the board affirming the reduction in appellant's position from Personnel Officer 3 to Personnel Officer 2. On the same day, she filed a notice of appeal in the Franklin County Court of Common Pleas.

Ultimately, appellee, Ohio Department of Rehabilitation & Correction, filed a motion to dismiss, contending the Franklin County Common Pleas Court lacked subject matter jurisdiction to consider appellant's appeal. Following full briefing, the common pleas court granted appellee's motion. Appellant appeals, assigning two errors:

"I. The trial court erred in failing to transfer the within captioned case to Madison County, Ohio from Franklin County, Ohio as requested by appellant for lack of venue.

"II. The trial court erred in dismissing appellant's action in contravention of her constitutional rights and abused its discretion in so acting."

In her first assignment of error, appellant contends that the trial court erred in dismissing her complaint for lack of subject matter jurisdiction; she asserts that the trial court should have granted her motion to transfer venue from Franklin County to the Madison County Common Pleas Court.

R.C. 124.34 provides:

"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the state personnel board of review or the commission *to the court of common pleas of the county in which the employee resides* in accordance with the procedure provided by section 119.12 of the Revised Code." (Emphasis added.)

While appellant contends that the reference to R.C. 119.12 makes the provisions of R.C. 124.34 confusing, the Supreme Court clarified the procedure in *Davis, supra,* stating:

"A member of the classified civil service, aggrieved by a decision of the State Personnel Board of Review affirming his removal or reduction in pay for disciplinary reasons, must bring his appeal, if at all, in the Court of Common Pleas of the county of his residence." *Id.,* 64 Ohio St.2d 102, 18 O.O.3d 345, 413 N.E.2d 816, at syllabus.

Here, without question, appellant is a resident of Madison County. Pursuant to R.C. 124.34 and *Davis,* she was required to bring her appeal in the Madison County Common Pleas Court. Moreover, as the court in *Davis* explained, the issue is not one of venue, but of jurisdiction. As a result, not only was the Franklin County Common Pleas Court without jurisdiction to consider appellant's appeal, but a motion to transfer venue is an inappropriate vehicle to correct the improper filing. Indeed, because the Franklin County Common Pleas Court lacked jurisdiction in the matter, it could not grant appellant's motion for transfer of venue. See *Heskett v. Kenworth Truck Co.* (1985), 26 Ohio App.3d 97, 26 OBR 272, 498 N.E.2d 228.

Despite the foregoing, appellant asserts that the unusual circumstances of this case warrant a deviation from the strict language of R.C. 124.34 and *Davis.* She notes that on the evening of July 24, 1996, her counsel was killed in an automobile accident; although her deceased's counsel's office attempted to file the appropriate notices of appeal the next day to preserve her right of appeal, the lack of working knowledge of the file hindered those efforts. She asserts that those unusual circumstances, accompanied by appellant's exemplary work history, require that we allow her appeal to be transferred to Madison County and heard in that common pleas court.

While we agree that the present case presents unusual and compelling circumstances for allowing a deviation from the established statutory and case law, we

may not ignore the mandate expressed in the syllabus of *Davis*. In accordance with that case, the Common Pleas Court of Franklin County properly determined it lacked jurisdiction to hear appellant's appeal. Appellant's first assignment of error is overruled.

Appellant's second assignment of error contends that the common pleas court decision violates her constitutional rights.

Appellant apparently contends that she was denied fundamental due process guarantees under the Ohio and United States Constitutions by the Supreme Court's interpretation of R.C. 124.34 in *Davis*. Apart from the fact that we are not at liberty to deviate from R.C. 124.34 and *Davis*, this court has held that such dual notice of appeal requirements, as appear also in R.C. 119.12, are reasonable because they "enable administrative agencies and courts to handle such appeals more expeditiously, a result clearly intended by the statute." *In re Namey* (1995), 103 Ohio App.3d 322, 326, 659 N.E.2d 372, 374.

The remainder of appellant's constitutional argument suggests that her actions in this case in filing both with the board and in Franklin County Common Pleas Court adequately advised appellee of the pending action so as to ensure its constitutional rights; as a result, she contends that a more flexible interpretation of R.C. 124.34 would be appropriate, especially given the circumstances of this case. However compelling may be the circumstances appellant presents, this court is bound by the Ohio Supreme Court's interpretation of R.C. 124.34 set forth in *Davis*. Accordingly, appellant's arguments are unpersuasive and her second assignment of error is overruled.

Having overruled both of her assigned errors, we affirm the judgment of the trial court.

*Judgment affirmed.*

TYACK, P.J., and BOWMAN, J., concur.