HUMMEL et al., Appellees,

v.

OHIO DEPARTMENT OF JOB & FAMILY SERVICES, Appellant.

[Cite as *Hummel v. Ohio Dept. of Job & Family Servs.*,
164 Ohio App.3d 776, 2005-Ohio-6651.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–05–1137.

Decided Dec. 16, 2005.

Thomas J. Zraik, for appellee.

Jim Petro, Attorney General, and Rebecca L. Thomas, Assistant Attorney General, for appellant.

SINGER, Presiding Judge.

{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, which reversed an administrative determination that a prescribed treatment for an autistic child was not medically necessary. Because we conclude that the common pleas court properly determined that appellee was entitled to medicaid benefits, we affirm.

{¶ 2} In 2002, when appellee Austin Hummel [1] was two, he was diagnosed with autism. Autism is a medical disorder characterized by an inability to interact socially, repetitive behavior, and language dysfunction. Austin, at the time of his

---

1.  These proceedings were instituted by Austin's mother, Tiffiney Mohn, on his behalf.

diagnosis, avoided adult interaction, used no words, and required adult prompting and assistance to follow one-step instructions.

{¶ 3} At the direction of his treating physician, Austin received early intervention Applied Behavior Analysis ("ABA") therapy. Studies have shown ABA therapy to be an effective treatment for autism among some children. ABA literature presented in these proceedings suggests that early intensive treatment allows some children to achieve normal intellectual functioning by training the brain's circuitry while it is still developing.

{¶ 4} After 90 days initial ABA therapy, Austin was able to interact with adults for as much as 20 minutes at a time, construct simple sentences, and follow several one-step instructions.

{¶ 5} It is not wholly clear from the record, but it appears that the early-intervention program that funded Austin's initial ABA therapy was available only until his third birthday. Austin, however, remains eligible to receive benefits through the Healthy Start Medicaid Program administered by appellant, Ohio Department of Job & Family Services.

{¶ 6} Shortly after Austin's third birthday, his treating physician directed that he continue ABA therapy. When Austin's family requested the services through appellant's local health-care provider, however, the local provider rejected the claim, concluding that ABA therapy was neither medically necessary nor a medical service.

{¶ 7} Following this rejection, Austin's family requested a state hearing, after which a state hearing officer found that although Austin was likely to benefit from ABA therapy, the therapy was not a medical service and was not medically necessary, and there was insufficient evidence that the ABA program would be the lowest-cost alternative to treat the medical problem. On these findings, the hearing officer overruled appellees' appeal.

{¶ 8} When appellees' further administrative appeal was denied, they instituted the present appeal to the common pleas court, pursuant to R.C. 5101.35 and 119.12. The common pleas court reversed the administrative decision, finding it "unsupported by reliable, probative and substantial evidence."

{¶ 9} From this judgment, appellant now brings this appeal, setting forth the following three assignments of error:

{¶ 10} "First Assignment of Error: The common pleas court lacked subject matter jurisdiction over the appeal below, and so its Opinion and Judgment Entry must be vacated.

{¶ 11} "Second Assignment of Error: The common pleas court erred by failing to address one of ODJFS's dispositive arguments, although it had been raised at every level of the proceedings below.

{¶ 12} "Third Assignment of Error: The common pleas court incorrectly interpreted Ohio Admin. Code 5101:3–1–01 when it reversed ODJFS's decisions and ordered ODJFS to pay for ABA services for Austin Hummel."

## I. Jurisdiction

{¶ 13} In its first assignment of error, appellant suggests that the judgment appealed from is void because the common pleas court lacked jurisdiction to hear the appeal. Appellant insists that R.C. 119.12 requires that a notice of appeal from an administrative adjudicatory order identify the order and state the grounds for appeal.

{¶ 14} Appellees' notice of appeal states only that it is a "Notice of Appeal of the Administrative Appeals Decision * * * denying [appellee's] claim for coverage of a medical service * * *." This notice, appellant argues, lacks the specificity necessary to comply with the statutory antecedents needed to confer subject-matter jurisdiction on the common pleas court. This assertion is without merit.

{¶ 15} R.C. 119.12 is the appeals portion of the Ohio Administrative Procedure Act and is generally applicable to appeals from administrative adjudications from state agencies. A special provision, however, governs appeals from decisions of the Director of Job and Family Services. R.C. 5101.35 provides:

{¶ 16} "(E) An appellant who disagrees with an administrative appeal decision of the director of job and family services * * * may appeal from the decision to the court of common pleas pursuant to section 119.12 of the Revised Code. The appeal shall be governed by section 119.12 of the Revised Code except that:

{¶ 17} " * * *

{¶ 18} "(3) The appellant shall mail the notice of appeal to the department of job and family services and file notice of appeal with the court within thirty days after the department mails the administrative appeal decision to the appellant. * * * Filing notice of appeal with the court shall be the only act necessary to vest jurisdiction in the court."

{¶ 19} In the event that a special provision is irreconcilable with a general provision, the special provision prevails unless the general provision is later adopted and it is the manifest intent of the legislature that the later provision control. R.C. 1.51. Here, the legislature clearly states that in an administrative appeal from a decision of the Director of Job and Family Services, filing the notice of appeal is the only act necessary to vest jurisdiction in the common pleas

court. The R.C. 119.12 general requirement that a notice of an administrative appeal state the grounds of the appeal is consequently superceded by the special provision. Accordingly, appellant's first assignment of error is not well taken.

## II. Medical Services

{¶ 20} A party adversely affected by an order of an administrative agency in an adjudicatory proceeding may appeal that order to an appropriate common pleas court. R.C. 119.12. If, on consideration of the evidence of the entire administrative record and such additional evidence as may be admitted, the court finds that the administrative order is supported by "reliable, probative and substantial evidence and is in accordance with the law," the court must affirm the order. Id.; *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748; *Holman v. Ohio Dept. of Human Serv.* (2001), 143 Ohio App.3d 44, 48, 757 N.E.2d 382. Absent such findings, however, the common pleas court may "reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with the law." R.C. 119.12.

{¶ 21} An administrative review is a hybrid: neither strictly of law nor of law and fact. While not a trial de novo, the common pleas court must nonetheless "read and consider all the evidence offered by both sides and must appraise all of the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof." *Andrews v. Bd. of Liquor Control* (1955), 164 Ohio St. 275, 280, 58 O.O. 51, 131 N.E.2d 390. Even so, the court may not substitute its judgment for that of the administrative agency, but must defer to administrative resolution of evidentiary conflicts. *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 407 N.E.2d 1265.

{¶ 22} Appellate review of the common pleas court decision on issues of law is plenary. *Holman,* 143 Ohio App.3d at 49, 757 N.E.2d 382, citing *Univ. Hosp. Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 587 N.E.2d 835. On questions of fact, however, an appellate court's review is far more circumscribed. The common pleas court must be affirmed unless its decision is the result of an abuse of discretion. Id., citing *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264. An abuse of discretion is more than an error of judgment. The term connotes that the court's attitude is unreasonable, arbitrary, or unconscionable. *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 168–169, 559 N.E.2d 1301.

{¶ 23} In this matter, the question to the common pleas court was whether appellant properly denied ABA therapy to Austin. Appellant has no duty to provide such therapy unless it is a "medical necessity." The common pleas court

then began with the Ohio Administrative Code provision that defines "medical necessity":

{¶ 24} "(A) 'Medical necessity' is a fundamental concept underlying the medicaid program. Physicians, dentists, and limited practitioners render, authorize, or prescribe medical services within the scope of their licensure and based on their professional judgment regarding services needed by an individual. * * * ['M]edically necessary services' are defined as services which are necessary for the diagnosis or treatment of disease, illness, or injury and without which the patient can be expected to suffer prolonged, increased or new morbidity, impairment of function, dysfunction of a body organ or part, or significant pain and discomfort. A medically necessary service must:

{¶ 25} "(1) Meet generally accepted standards of medical practice;

{¶ 26} "(2) Be appropriate to the illness or injury for which it is performed as to type of service and expected outcome;

{¶ 27} "(3) Be appropriate to the intensity of service and level of setting;

{¶ 28} " * * *

{¶ 29} "(5) Be the lowest cost alternative that effectively addresses and treats the medical problem;

{¶ 30} "(6) Meet general principles regarding reimbursement for medicaid covered services found in rule 5101:3–1–02 of the Administrative Code." Ohio Adm.Code 5101:3–1–01.

{¶ 31} At the outset of its analysis, the common pleas court properly noted that the medical opinion and diagnosis of a patient's treating physician are entitled to substantial deference in deciding whether to grant medical benefits. *Holman*, 143 Ohio App.3d at 52–53, 757 N.E.2d 382. In evidence in appellant's hearing file is a communication from Austin's treating physician, an expert on autism. The physician states:

{¶ 32} "Austin is a young man I follow for management of Autism Spectrum Disorder. This condition requires specialized interventions designed to help develop functional life and learning skills. Applied Behavioral Analysis (ABA) is a medically necessary recommendation to address these needs. A great deal of current literature is available supporting this recommendation. The National Academy of Sciences endorses the need for early, intensive, one on one intervention as soon as the diagnosis of autism is suspected.

{¶ 33} "To summarize, the techniques of ABA have been shown to be effective in altering the developmental outcome of some young children with autism. Research suggests that early intensive treatment using ABA methods enable some children to enter the educational mainstream and achieve normal intellectu-

al functioning. A number of studies support that early intensive behavioral intervention for some children with autism can result in beneficial outcomes."

{¶ 34} We note that the communication from Austin's treating physician unambiguously classifies ABA therapy as medically necessary. Moreover, that communication combined with other reports and articles submitted in evidence suggests that ABA therapy is generally accepted among physicians treating autism and is appropriate for treating autism, appropriate in intensity of service and level of setting for autism, and, implicitly, the lowest-cost alternative to effectively treat Austin's autism.

{¶ 35} The only opposition to this evidence is a notation in a telephone log, which says that "Dr. White" suggests that "this is not a medical service, not medically necessary."

{¶ 36} On this evidence, the common pleas court concluded that the reliability of the evidence disfavoring ABA therapy was insufficient to override the presumption created by the report of Austin's treating physician that such therapy was medically necessary. The common pleas court found that the administrative order that ABA therapy for Austin was not medically necessary was unsupported by reliable, probative, and substantial evidence.

■ {¶ 37} On appeal, appellant seems to cede this point. This is proper because, given our standard of review, we could not say that this determination is arbitrary, unreasonable, or unconscionable. Nevertheless, appellant insists that the common pleas court order must be reversed, or at least vacated, because the rules require that for a service to be compensable, it must be not only medically necessary, but also a "medical service." ABA therapy is not a "medical service," according to appellant, but is—as determined by the administrative proceedings—an educational program or, at best, a behavior modification technique.

{¶ 38} Ohio Adm.Code 5101:3–1–01(A) refers to "medical services" in its preface. Moreover, Ohio Adm.Code 5101:3–1–02, which is incorporated into the "medical necessity" standard by Ohio Adm.Code 5101:3–1–01(A)(6), also uses the phrase "medical service."[2] Thus, appellant argues, reimbursable procedures

---

2. {¶ a} "5101:3–1–02 General principles regarding reimbursement for medicaid covered services * * *

{¶ b} "(A) Most medical procedures are reimbursable within certain administrative limitations; some are reimbursable if approved in advance by the department through prior authorization or pre-certification; and, some are ordinarily not reimbursable.

{¶ c} "(B) The following general principles determine whether a particular medical service is reimbursable:

{¶ d} "(1) The service is determined to be medically necessary as defined in rule 5101:3–1–01 of the Administrative Code.

must not only be "medically necessary," but also "medical services." Absent this extra element, appellant insists, a driver for an epileptic who cannot drive would be compensable. So, too, would be the service of somebody who brings a glass of water to one who is dehydrated.

{¶ 39} Appellees respond that appellant has cited no authority that a "medical service" is a separate and distinct requirement from a "medically necessary service" for medicaid reimbursement. Moreover, even if there is a separate "medical services" element, it is a component of a "medical necessity." Consequently, the common pleas court's failure to address this element is harmless, because it properly found ABA therapy "medically necessary."

{¶ 40} Appellant would make the term "medical service" as used in Ohio Adm.Code 5101:3–1–01 and 5101:3–1–02 a term of art. Unlike the term "medical necessity" or "medically necessary service," however, "medical services" is neither delineated nor defined in the statutes or the Administrative Code. While it appears that the term seems to have obtained some administrative cachet, appellant has failed to direct our attention to a special administrative or statutory definition or other authority for the use it advances for the term.

{¶ 41} Appellees' analysis is attractive: "medical service" is simply a synonym for "medically necessary services." If that is the case, then the common pleas court's determination must stand.

{¶ 42} Alternatively, if "medical service" is a separate element, we must define what it means. Since appellant has directed our attention to no statutory or administrative code definition or other authority, we must ascertain the meaning obtained in ordinary usage. R.C. 1.42. "Medical" is ordinarily defined as "to remedy, heal; akin to * * * healer * * * 1: of, relating to, or concerned with physicians or the practice of medicine 2: requiring or devoted to medical treatment." Merriam–Webster's Collegiate Dictionary (11th Ed.2003) 771. "Service" has multiple definitions. Perhaps most relevant here is "contribution to the welfare of others" or "a helpful act." Id. at 1137. A "medical service" would be an act helpful to healing or treatment.

---

{¶ e} "(2) The consumer or legal representative originates all requests for medicaid services.

{¶ f} "(3) Services are provided within the limits of the medicaid benefit package, within the scope and practice of the provider as defined by applicable federal, state, and local laws and regulations.

{¶ g} "(4) The consumer selects the provider of their choice, with the exception of consumers enrolled in the PACT program as defined in Chapter 5101:3–20 of the Administrative Code.

{¶ h} "(5) The service is rendered by an eligible provider.

{¶ i} "(6) The consumer makes no payment for medicaid-covered services, except as noted in rule 5101:3–1–13.1 of the Administrative Code.

{¶ j} "(7) The consumer receives medical services at the same cost as or less than non-medicaid individuals."

{¶ 43} Given this definition, it would seem that a "medically necessary service" would encompass a "medical service." As a result, we cannot say that the common pleas court erred either in its factual determination or as a matter of law in concluding that ABA therapy qualified for reimbursement under Ohio Adm. Code 5101:3–1–01 et seq. Accordingly, appellant's second and third assignments of error are not well taken.

{¶ 44} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed.

Judgment affirmed.

PIETRYKOWSKI and SKOW, JJ., concur.