DECISION AND JUDGMENT ENTRY {¶ 1} Appellant, Director of the Ohio Department of Job Family Services ("agency"), appeals from a decision by the Erie County Court of Common Pleas granting summary judgment in favor of appellee, Jason Giese. For the reasons that follow, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} Giese was a disabled food stamps recipient who received $10 per month in food stamps benefits. In an attempt to have his benefits increased, he brought certain changes in his circumstances to the attention of the agency, including: (1) new rent and utility costs; and (2) his obligation to provide meals for his three children during visitation periods with them. It was the agency's conclusion that neither of these changed circumstances entitled Giese to an increase in benefits. Giese requested a state hearing to contest the agency's decision.
 {¶ 3} At the state hearing, Giese asserted that he was entitled to more food stamps, both for his originally-stated reasons of new housing costs and the need to feed his children, and the additional reason that he had outstanding medical bills. Regarding the first two reasons, the agency echoed its earlier conclusions, determining that neither Giese's housing costs nor his children's visitation entitled him to any greater benefits. Regarding the issue of Giese's medical bills, however, the agency remanded the matter for consideration of whether Giese's medical costs, including the outstanding medical bills, could be applied to Giese's budget as a medical deduction (and thereby result in a possible increase in his food stamps allotment).
 {¶ 4} Giese challenged the state hearing decision by requesting an administrative appeal. Once again, Giese argued that his obligation to feed his children during visitation entitled him to an increase in his food stamps benefits. In addition, he raised a new argument, wherein he claimed entitlement to an increased food stamps benefit based upon the Americans with Disabilities Act ("ADA"). *Page 3 
 {¶ 5} The administrative appeal decision affirmed the agency's earlier conclusions that Giese was not entitled to additional food stamps based upon his children's visitation or his housing costs. Further, the decision stated that Giese's ADA argument was unsupported by any allegations of discrimination that could possibly implicate the ADA. On the other hand, the decision affirmed the state hearing decision's remand for consideration of Giese's medical costs.
 {¶ 6} On July 19, 2005, Giese appealed from the administrative appeal decision to the common pleas court, pursuant to R.C. 5101.35. The agency contends that it never received notice of this appeal.
 {¶ 7} On April 14, 2006, the court, noting that the agency had failed to respond to Giese's notice of appeal, issued the following judgment entry:
 {¶ 8} "Pursuant to section 5101.35 of the Revised Code, this case is before the Court on a Notice of Appeal from a Decision by the Ohio Department of Job and Family Services filed on July 19, 2005 in Erie County. The Defendant, the Ohio Department of Job and Family Services, has failed to respond to Plaintiffs Notice of Appeal therefore said appeal is granted. This matter is referred back to the Ohio Department of Job and Family services for further review consistent with the granting of this appeal and to specifically address the increase in food stamps issued to Appellant and all other issues raised by Appellant relevant to this appeal. This case is now removed from the Court's docket IT IS SO ORDERED." *Page 4 
 {¶ 9} The agency timely appealed this judgment entry, raising the following assignments of error:
 {¶ 10} I. "THE LOWER COURT LACKED SUBJECT-MATTER JURISDICTION OVER THE APPEAL BECAUSE THE AGENCY DECISION WAS NOT FINAL AND HAD NOT RENDERED MR. GIESE `ADVERSELY AFFECTED.'"
 {¶ 11} II. "THE LOWER COURT LACKED SUBJECT-MATTER JURISDICTION OVER THE APPEAL BECAUSE MR. GIESE DID NOT STATE THE GROUNDS FOR HIS APPEAL IN HIS NOTICE OF APPEAL AS REQUIRED BY 119.12."
 {¶ 12} III. "MR. GIESE DID NOT FOLLOW THE MAILING REQUIREMENTS SET OUT IN STATUTE AND RULE, AND THE APPEAL SHOULD NOT HAVE PROCEEDED TO JUDGMENT ABSENT PROPER NOTIFICATON TO THE OHIO DEPARTMENT OF JOB AND FAMILY SERVICES OF THE EXISTENCE OF THE APPEAL."
 {¶ 13} IV. "THE LOWER COURT'S JUDGMENT CANNOT BE IMPLEMENTED AS WRITTEN."
 {¶ 14} The agency argues in its first and second assignments of error that the trial court lacked jurisdiction to hear Giese's appeal. R.C.5101.35, which governs judicial review of administrative appeal decisions, guides our review of these two assignments of error and relevantly provides: *Page 5 
 {¶ 15} "(E) An appellant who disagrees with an administrative appeal decision of the director of job and family services or the director's designee issued under division (C) of this section may appeal from the decision to the court of common pleas pursuant to section 119.12 of the Revised Code. The appeal shall be governed by section 119.12 of the Revised Code except that:
 {¶ 16} "* * *
 {¶ 17} "(3) The appellant shall mail the notice of appeal to the department of job and family services and file notice of appeal with the court within thirty days after the department mails the administrative appeal decision to the appellant. * * * Filing notice of appeal with the court shall be the only act necessary to vest jurisdiction in the court."
 {¶ 18} R.C. 119.12 permits any party "adversely affected" by an order of an agency issued pursuant to an adjudication to appeal the order to the court of common pleas. Id.; see, also, Rose v. Ohio Dept. of Job andFamily Services, 12th Dist. No. CA2004-06-069, 2005-Ohio-1804,¶ 11.
 {¶ 19} The agency argues in its first assignment of error that the trial court lacked jurisdiction because, at the time of the administrative appeals decision, Giese had not been "adversely affected" as required by R.C. 119.12. "A party is adversely affected for purposes of R.C. 119.12 when its rights, privileges, benefits, or pecuniary interests are the subject of the administrative adjudication, * * * and the party has been, or likely will be, injured by the administrative order." Rose, supra (citations omitted). *Page 6 
 {¶ 20} It is the agency's position that because the administrative appeals decision remanded the matter of Giese's medical costs for possible recalculation of his food stamps benefits, the administrative appeal decision was not the agency's final decision regarding Giese's food stamps allotment and, thus, "could not (yet)" have adversely affected him. The agency additionally asserts that because the remand allowed for the possibility that Giese's food stamps would be increased to Giese's satisfaction based on the medical-costs issue, Giese was not, at the time of the administrative appeal decision, "adversely affected" within the meaning of R.C. 119.12. We are not persuaded by either of these arguments.
 {¶ 21} First, although the administrative appeal decision did remand the case for consideration of one of Giese's grounds for appeal, i.e., his medical costs, in its conclusion it expressly stated: "Having reviewed the state hearing decision and record, we find the decision contains no error affecting the outcome of the appeal. Accordingly, we hereby ORDER that the decision be AFFIRMED." The decision also advised: "This Administrative Appeal Decision is the final administrativedecision on your case from the Ohio Department of Job and Family Services. If you disagree with this decision, you may have the right toappeal to common pleas court pursuant to Section 5101.35 of the Ohio Revised Code. Your appeal must be filed within thirty days of the date of this decision was issued to you. * * *" (Emphasis added.) *Page 7 
 {¶ 22} O.A.C. 5101:6-8-01(L)(1) provides that "[a]n administrative appeal decision which affirms or reverses the initial decision being appealed shall constitute the final and binding administrative decision on the issue(s) involved." (Emphasis added.)
 {¶ 23} Applying the law to the facts of this case, we conclude that the administrative appeal decision — at least with respect to its denial of benefits on the basis of housing costs, children's visitation, and the ADA — was, in fact, final and binding, and, without question, "adversely affected" Giese. Compare, O.A.C. 5101:6-8-01(L)(2) (providing that "[a]n administrative appeal decision which vacates the original decision and remands the case to the assigned hearings section does not constitute a final administrative resolution, since the supplemental decision issued on remand shall be subject to further administrative appeal." (Emphasis added.))
 {¶ 24} We next consider the agency's claim that Giese was not "adversely affected" by the administrative appeal decision because the remand allowed for the possibility that Giese's food stamps would be increased to his satisfaction based on the medical costs issue, alone. As we see it, however, with the exception of the medical costs claim — which was remanded for additional consideration but was never subsequently ruled upon prior to this appeal — Giese's claims were all denied. In addition, Giese's food stamp budget did not go up. On these facts, we conclude that Giese was clearly "adversely affected" by the decision within the meaning of R.C. 119.12. The agency's first assignment of error is found not well-taken. *Page 8 
 {¶ 25} The agency argues in its second assignment of error that the lower court lacked subject-matter jurisdiction over the appeal because Giese did not state the grounds for his appeal in his notice of appeal as required by R.C. 119.12. The agency is correct inasmuch as Giese's notice of appeal did not state any grounds for the appeal. Instead, it contained an announcement that Giese was appealing from the state hearing and administrative appeal decisions pursuant to R.C. 5101.35, and had copies of the subject decisions attached.
 {¶ 26} R.C. 119.12 does generally apply to appeals from administrative adjudications from state agencies. Hummel v. Ohio Dept. of Job andFamily Services, 6th Dist. No. L-05-1137, 2005-Ohio-6651,¶ 15. And R.C. 119.12 does provide that "[a]ny party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal." R.C. 119.12.
 {¶ 27} But R.C. 5101.35 is a special provision that governs appeals from decisions of the Director of Job and Family Services.Hummel, supra. As indicated above, R.C. 5101.35 relevantly provides:
 {¶ 28} "(E) An appellant who disagrees with an administrative appeal decision of the director of job and family services or the director's designee issued under division (C) of this section may appeal from the decision to the court of common pleas pursuant to section 119.12 of the Revised Code. The appeal shall be governed by section 119.12 of theRevised Code except that:
 {¶ 29} "* * * *Page 9 
 {¶ 30} "(3) The appellant shall mail the notice of appeal to the department of job and family services and file notice of appeal with the court within thirty days after the department mails the administrative appeal decision to the appellant. * * * Filing notice of appeal with thecourt shall be the only act necessary to vest jurisdiction in thecourt." (Emphasis added.)
 {¶ 31} As stated by this court in Hummel, supra:
 {¶ 32} "In the event that a special provision is irreconcilable with a general provision, the special provision prevails unless the general provision is later adopted and it is the manifest intent of the legislature that the later provision control. R.C. 1.51. [* * *] [T]he legislature clearly states that in an administrative appeal from a decision of the Director of Job and Family Services, filing the notice of appeal is the only act necessary to vest jurisdiction in the common pleas court. The R.C. 119.12 general requirement that a notice of an administrative appeal state the grounds of the appeal is consequently superceded by the special provision." Id., at ¶ 20. Accordingly, appellant's second assignment of error is found not well-taken.
 {¶ 33} The agency argues in its third assignment of error that because Giese did not follow the proper mailing requirements, the agency never received proper notification of the existence of Giese's appeal and, as a result, the appeal should not have proceeded to judgment. *Page 10 
 {¶ 34} As indicated above, R.C. 5101.35(E)(3) requires that an appellant "mail the notice of appeal to the department of job and family services and file notice of appeal with the court."
 {¶ 35} It is undisputed in this case that when Giese filed his notice of appeal in common pleas court, he did not mail a copy to the agency, as required by R.C. 5101.35(E)(3), but rather provided the court with the following address:
 {¶ 36} Director
Ohio Department of Job and Family Service
145 S. Front Street
P.O. Box 1618
Columbus, Ohio 43216
The agency acknowledges that this is the method and address used in unemployment compensation matters, not for R.C. 5101.35 appeals. See R.C. 4141.282(E) (directing the court clerk to mail the notice of appeal in unemployment compensation appeals to the agency's director).
 {¶ 37} Although R.C. 5101.35 fails to specify any particular address to which an appeal under that section is to be mailed, O.A.C. 5101:6-9-01(A)(4)(a) lists the following as the correct address:
 {¶ 38} Ohio Department of Job and Family Services Office of Legal Services
30 East Broad Street
31st Floor
Columbus, Ohio 43215-3414
 {¶ 39} "It is an established principle that, in order to effectively operate, administrative boards and commissions must have the power to promulgate regulations *Page 11 
and rules of procedure. * * * Of necessity, many of these must be left to the administrative bodies charged with putting the policy into practical effect.' The basic limitation on this authority is that an administrative agency may not legislate by enacting rules which are in excess of legislative policy, or which conflict with the enabling statute." English v. Koster (1980), 61 Ohio St.2d 17, 18-19.
 {¶ 40} Although the foregoing would certainly indicate the propriety of the agency's identifying a specific address to which appeals under R.C. 5101.35 should be mailed, it is not a jurisdictional requirement that R.C. 5101.35 appeals be mailed to that address. See R.C. 5101.35(E) (stating that "[f]iling notice of appeal with the court shall be the only act necessary to vest jurisdiction in the court." (Emphasis added.))
 {¶ 41} In addition, the agency admits that the address to which the notice of appeal was sent in this case was an actual agency address. Thus, the notification was in substantial compliance with the statute (if not with the specifics of the statute's attendant rule) and, in our opinion, was reasonably anticipated to reach the intended recipient.
 {¶ 42} On the basis of these facts, we find that the deficiencies in the notification were not so significant that the appeal should not have proceeded to judgment. The agency's third assignment of error is, therefore, found not well-taken.
 {¶ 43} Finally, we examine the agency's fourth assignment of error, wherein the agency argues that the lower court's judgment cannot be implemented as written. The specific portion of the judgment entry to which the agency objects is as follows: *Page 12 
 {¶ 44} "This matter is referred back to the Ohio Department of Job and Family services for further review consistent with the granting of this appeal and to specifically address the increase in food stamps issued to Appellant and all other issues raised by Appellant relevant to this appeal."
 {¶ 45} We interpret this sentence to mean that the matter was remanded back to the agency for reconsideration of the totality of Giese's arguments in support of his request for an increase in his food stamps benefits. As the court had no record before it except for the decisions attached to Giese's notice of appeal — each of which dealt in piecemeal fashion with the variety of issues that were, at various times, raised by Giese — the decision to have the agency consider them in the aggregate is not without some reasonable basis. And although the agency seems convinced that without additional guidance from the court, it would reach identical conclusions with respect to most of the issues in question, there is no dispute that the matter of Giese's medical bills and their potential impact on his award of food stamps has yet to be calculated. On the basis of the foregoing, we find that the trial court's judgment can, and should, be implemented as written. Accordingly, the agency's fourth assignment of error is found not well-taken.
 {¶ 46} The judgment of the Erie County Court of Common Pleas is affirmed. The case is remanded back to the agency for additional proceedings consistent with the trial court's judgment and our decision herein. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation *Page 13 
of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. Mark L. Pietrykowski, P.J. JUDGE
William J. Skow, J. J. JUDGE
Thomas J. Osowik, JUDGE
 CONCUR. *Page 1