[Cite as *Geyer v. Clinton Cty. Dept. of Job & Family Servs.*, 2021-Ohio-411.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY


| | | |
|---|---|---|
| JASON GEYER, | : | |
| Appellant, | : | CASE NO . CA2020-06-008 |
| | : | O P I N I O N |
| - vs - | | 2/16/2021 |
| | : | |
| CLINTON COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES, | : | |
| | : | |
| Appellee. | | |


APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CVF 20200082


Smith, Meier & Webb, LPA, Andrew P. Meier, 140 North Main Street, Suite B, Springboro, Ohio 45066, for appellant

Andrew T. McCoy, Clinton County Prosecuting Attorney, William C. Randolph, 1025 S. South Street, Suite 400, Wilmington, Ohio 45177, for appellee


**S. POWELL, J.**

{¶ 1}  Appellant, Jason Geyer, appeals the decision of the Clinton County Court of Common Pleas granting the Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction filed by appellee, Clinton County Department of Job and Family Services ("CCDJFS").  For the reasons outlined below, we affirm the common pleas court's decision.

{¶ 2} On February 28, 2020, Geyer filed a notice of administrative appeal with the common pleas court. The notice was filed in reference to a decision issued by CCDJFS upholding a substantiated disposition of abuse by Geyer against the alleged child victim, D.D. In his notice, Geyer stated that he was pursuing the administrative appeal "pursuant to R.C. 5101.35 and R.C. 119.12 * * *."

{¶ 3} On April 8, 2020, CCDJFS moved to dismiss Geyer's appeal. Although not specific, it is clear that CCDJFS' motion was filed pursuant to Civ.R. 12(B)(1) given its allegations that the common pleas court lacked subject-matter jurisdiction to proceed.

{¶ 4} On April 20, 2020, Geyer filed a memorandum in opposition to CCDJFS' motion to dismiss. In his memorandum, Geyer argued that "he has statutory and constitutional authority to seek judicial review of administrative proceedings involving [CCDJFS]" in the common pleas court. To support this claim, Geyer again cited R.C. 5101.35 and 119.12. Geyer also cited R.C. 2506.01 and Ohio Admin.Code 5101:6-9-01.

{¶ 5} Geyer attached an affidavit to his memorandum. In his affidavit, Geyer averred that the common pleas court had subject-matter jurisdiction to review CCDJFS' decision since the decision would have an adverse effect on Geyer's employment and his ability to adopt his stepson. Specifically, as Geyer alleged in paragraphs 10 through 12 of his affidavit:

> 10. These decisions substantiating allegations of abuse and upholding the substantiated disposition by [CCDJFS'] decision are present in an in-depth background check and will undoubtably affect my employment with [REDACTED] and interfere with my ability to carry out the normal functions of my employment.[1]
>
> 11. I am in the process of adopting my stepson.
>
> 12. These decisions substantiating allegations of abuse and

---

1. Although contained within the public record, this court has redacted the name of Geyer's employer in an effort to maintain Geyer's privacy and the privacy of his employer.

upholding the substantiated disposition by [CCDJFS] affect my ability to adopt my stepson.

{¶ 6} On June 11, 2020, the common pleas court issued a decision granting CCDJFS' motion to dismiss. In so holding, the common pleas court noted that it had found "no authority that allows a party to appeal an adverse decision in a dispositional appeal to this common pleas court." The common pleas court determined that this would include, for instance, both R.C. 5101.35 and 119.12. The common pleas court found this would also include R.C. 2506.01. Geyer now appeals the common pleas court's decision to grant CCDJFS' motion to dismiss, raising the following single assignment of error for review.

{¶ 7} THE TRIAL COURT ERRED IN DISMISSING MR. GEYER'S NOTICE OF APPEAL FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE MR. GEYER HAS CONSTITUTIONAL AND STATUTORY AUTHORITY TO APPEAL THE ADMINISTRATIVE DECISION TO THE CLINTON COUNTY COMMON PLEAS COURT.

{¶ 8} Geyer argues the common pleas court erred by granting CCDJFS' motion to dismiss upon finding it lacked subject-matter jurisdiction to proceed. We disagree.

{¶ 9} "A trial court must grant a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction if the complaint fails to raise a cause of action cognizable by the forum." *Miller v. Ohio State Hwy. Patrol*, 12th Dist. Fayette No. CA2019-08-017, 2020-Ohio-3231, ¶ 17, citing *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989). This review involves a determination of whether the plaintiff has alleged any cause of action for which the trial court has the authority to decide. *Ferreri v. Millford Exempted Village School Dist. Bd. of Edn.*, 12th Dist. Clermont Nos. CA2007-04-044 and CA2007-04-050, 2008-Ohio-4314, ¶ 12; *Bla-Con Indus., Inc. v. Miami Univ.*, 12th Dist. Butler No. CA2006-06-127, 2007-Ohio-785, ¶ 7 ("[t]his [review] involves a determination of whether the complaint raised any cause of action cognizable by the forum in which it was filed"). The trial court is not confined to

- 3 -

the allegations raised in the complaint when ruling on such a motion and may consider material pertinent to that inquiry without converting the motion into one for summary judgment. *McGuffey v. LensCrafters, Inc.*, 141 Ohio App.3d 44, 50 (12th Dist.2001), citing *Southgate Development Corp. v. Columbia Gas Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus; and *Shockey v. Fouty*, 106 Ohio App.3d 420, 424 (4th Dist.1995).

{¶ 10} This court conducts a de novo review of a lower court's decision on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction. *McKenzie v. Meijer, Inc.*, 12th Dist. Clermont No. CA2016-09-061, 2017-Ohio-1495, ¶ 10. "'De novo review means that we apply the same standards as the trial court.'" *Dunlop v. Ohio Dept. of Job & Family Servs.*, 10th Dist. Franklin No. 11AP-929, 2012-Ohio-1378, ¶ 4, quoting *GNFH, Inc. v. W. Am. Ins. Co.*, 172 Ohio App.3d 127, 2007-Ohio-2722, ¶ 16 (2d Dist.); *Nationwide Agribusiness Ins. Co. v. Heidler*, 12th Dist. Clinton Nos. CA2018-06-003, CA2018-07-004, CA2018-09-012, and CA2018-09-015, 2019-Ohio-4311, ¶ 71 ("de novo review means that this court uses the same standard the trial court should have used"). "That means this [c]ourt engages in an independent review without deference to the trial court's decision." *Pennell v. Brown Twp.*, 5th Dist. Delaware No. 15 CAH 09 0074, 2016-Ohio-2652, ¶ 19.

{¶ 11} To support his appeal, Geyer explicitly states that he is *not* seeking review of CCDJFS' decision by the common pleas court under R.C. 5101.35 or R.C. 119.12(A).[2] Geyer instead states that he is seeking review of CCDJFS' decision under R.C. 119.12(B),

---

2. We note that while Geyer states that he is not seeking review of CCDJFS' decision under R.C. 5101.35, Geyer nevertheless cites that statute as an alternate argument as to why the common pleas court had subject-matter jurisdiction to proceed. But, as a simple reading of that statute reveals, R.C. 5101.35 applies only to an "appellant," a term statutorily defined by R.C. 5101.35(A)(2) to mean "an applicant, participant, former participant, recipient, or former recipient of a family services program who is entitled by federal or state law to a hearing regarding a decision or order of the agency that administers the program." Geyer is not, and does not allege to be, any of these. Therefore, even as an alternate argument, R.C. 5101.35 provides no support to Geyer in his attempt to reverse the common pleas court's decision in this case.

R.C. 2506.01, and Ohio Admin.Code 5101:6-9-01(A).[3]

{¶ 12} Geyer's arguments advanced under R.C. 119.12(B) lack merit. Despite Geyer's claims, R.C. 119.12(B) does not provide for judicial review of all decisions made by all governmental agencies. R.C. 119.12(B) instead applies only state agencies. *Furnas v. Clay Twp. Trustees*, 2d Dist. Montgomery No. 25239, 2012-Ohio-5408, ¶ 19 ("by its express language" R.C. 119.12 applies to orders of a state agency); *Giese v. Dir., Ohio Dept. of Job & Family Servs.*, 6th Dist. Erie No. E-06-034, 2007-Ohio-2395, ¶ 26 ("R.C. 119.12 does generally apply to appeals from administrative adjudications from state agencies"). R.C. 119.12(B), therefore, does not apply to decisions issued by CCDJFS, a county agency. Geyer's claims otherwise lack merit.

{¶ 13} Geyer's arguments advanced under R.C. 2506.01 also lack merit. Pursuant to R.C. 2506.01(C), administrative appeals are limited to final orders, adjudications, or decisions of an agency "that determines rights, duties, privileges, benefits, or legal relationships of a person * * *." CCDJFS' decision does not fit into any of those categories. *See, e.g., Ferren v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 8th Dist. Cuyahoga No. 92294, 2009-Ohio-2359 (granting children services agency's Civ.R. 12[B][1] motion to dismiss for lack of subject-matter jurisdiction upon finding R.C. 2506.01 did not provide the common pleas court with jurisdiction to review the agency's decision upholding an "indicated" report of child sexual abuse by the appellant where the agency's decision was not a final order that had determined appellant's rights, duties, privileges, benefits, or legal relationships); *Moore v. Franklin Cty. Children Servs.*, 10th Dist. Franklin No. 06AP-951,

---

3. In his brief, Geyer also makes reference to having a separate right to appeal CCDJFS' decision to the common pleas court under the Ohio Constitution. However, as provided by Article IV, Section 4(B) of the Ohio Constitution, the common pleas court only has "such powers of review of proceedings of administrative officers and agencies as may be provided by law." Therefore, unless otherwise provided by law, the Ohio Constitution does not provide Geyer with a separate right to appeal CCDJFS' decision to the common pleas court.

2007-Ohio-4128 (granting children services agency's Civ.R. 12[B][1] motion to dismiss upon finding R.C. 2506.01 did not provide the common pleas court with jurisdiction to review the agency's decision upholding an "indicated" report of child sexual abuse where the agency's decision was not a final order, adjudication, or decision that had affected the legal rights, duties, or privileges of appellant).

{¶ 14} After a thorough review of the record, it is clear that Geyer's legal rights, duties, privileges, benefits, and/or legal relationships have not been affected by CCDJFS' decision to uphold the substantiated disposition of abuse against him. This is because, when reviewing the record, Geyer's claims that CCDJFS' decision would have an adverse effect on him is purely speculative. This includes Geyer's claims set forth in his affidavit submitted to the common pleas court that CCDJFS' decision "will undoubtedly affect" his employment and would "affect [his] ability to adopt [his] stepson." We decline to engage in such speculation. *See Ferren* at ¶ 17; and *Moore* at ¶ 21. This is particularly true here when considering CCDJFS' decision is ordinarily confidential and may not be disseminated except under the limited circumstances as authorized by Ohio Admin.Code 5101:2-33-21. These limited circumstances do not include, for instance, an employee background check.

{¶ 15} Geyer's arguments advanced under Ohio Admin.Code 5101:6-9-01(A) likewise lack merit. That administrative code section applies only to appeals taken from state hearings. Geyer is not appealing from a state hearing, but rather from a decision issued by CCDJFS, a county agency. Geyer has established no basis for receiving a state hearing and cannot take an administrative appeal from the decision issued by CCDJFS pursuant to Ohio Admin.Code 5101:6-9-01. Geyer's claims otherwise again lack merit.

{¶ 16} In so holding, we find it appropriate to briefly address Geyer's argument contained in his reply brief that "Ohio Adm. Code 5101:2-33-20 has been unconstitutionally applied by CCDJFS" to the case at bar. Geyer is referring to Ohio Admin.Code 5101:2-33-

20(H), which provides that CCDJFS' decision was final and "not subject to state hearing review under section 5101.35 of the Revised Code." However, as noted above, Geyer has not, and cannot, establish a basis for receiving a state hearing under R.C. 5101.35. Therefore, regardless of whether CCDJFS has misapplied Ohio Admin.Code 5101:2-33-20 to the case at bar, Geyer is still not entitled to appeal CCDJFS' decision to the common pleas court. Accordingly, finding no error in the common pleas court's decision to grant CCDJFS' motion to dismiss for lack of subject-matter jurisdiction, Geyer's single assignment of error lacks merit and is overruled.

{¶ 17} Judgment affirmed.

M. POWELL, P.J., and BYRNE, J., concur.