[Cite as *Bogan v. Mahoning Cty. Children Servs.*, 2021-Ohio-3933.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Alexis Bogan, : 

      Appellant-Appellant, :     No. 20AP-147
                          (C.P.C. No. 19CV-5402)

v. : 

                           (ACCELERATED CALENDAR)

Mahoning County Children Services, : 

      Appellee-Appellee. : 

---

D E C I S I O N

Rendered on November 4, 2021

---

**On brief**: *Percy Squire*, for appellant.  **Argued**: *Percy Squire*.

**On brief**: *Gina DeGenova Zawrotuk*, for appellee.  **Argued**: *Gina DeGenova Zawrotuk*.

---

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Appellant, Alexis Bogan, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion to dismiss for lack of subject-matter jurisdiction filed by appellee, Mahoning County Children Services ("MCCS"), and denying Bogan's motion to change venue. For the reasons which follow, we affirm.

{¶ 2} On July 2, 2019, Bogan filed a notice of appeal in the common pleas court pursuant to R.C. 119.12. The notice of appeal indicated that Bogan was appealing a May 21, 2019 decision from MCCS upholding a finding of substantiated physical abuse of a child by Bogan. MCCS's May 21, 2019 decision informed Bogan that, pursuant to Ohio Adm.Code 5101:2-33-20(H), the decision was "final and not subject to state hearing review under [R.C.] 5101.35 * * * nor subject to judicial review." (Not. of Appeal, Ex.)

{¶ 3} MCCS filed a motion to dismiss the appeal for lack of subject-matter jurisdiction on August 12, 2019. Bogan filed a memorandum opposing MCCS's motion to dismiss.

{¶ 4} On January 22, 2020, Bogan filed a Civ.R. 3(D) motion for change of venue. Bogan asked the court to transfer the appeal to the Mahoning County Court of Common Pleas, stating that the appeal "should have been commenced under R.C. 2506, et seq. rather than 119.12 additionally it should have been filed in Mahoning County." (Mot. to Change Venue at 2.) On February 13, 2020, Bogan filed an amended notice of appeal, identifying R.C. 2506.01 as the statutory authority for her appeal to the common pleas court.

{¶ 5} On February 14, 2020, the common pleas court issued a decision granting MCCS's motion to dismiss and denying Bogan's motion to change venue. The court concluded that Ohio Adm.Code 5101:2-33-20(H) prohibited Bogan from appealing MCCS's decision, and that Bogan could not appeal MCCS's decision pursuant to R.C. 5101.35 or 119.12. As the court determined that it lacked subject-matter jurisdiction over the appeal, it concluded that it was "not permitted to change venue under Civ.R. 3(D)(1)." (Decision at 10.)

{¶ 6} Bogan appeals, asserting the following errors for our review:

> [I.] The trial court erred when it granted [appellee's] motion to dismiss for lack of subject matter jurisdiction.
>
> [II.] The trial court erred when it denied [appellant's] motion to change venue.

As Bogan's assignments of error are related, we address them jointly.

{¶ 7} Civ.R. 12(B)(1) permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. *PNC Bank, Natl. Assn. v. Botts*, 10th Dist. No. 12AP-256, 2012-Ohio-5383, ¶ 21. "The standard of review for a dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint." *Id.*, citing *Milhoan v. E. Local School Dist. Bd. of Edn.*, 157 Ohio App.3d 716, 2004-Ohio-3243, ¶ 10 (4th Dist.). Whether a court of common pleas possesses subject-matter jurisdiction is a question of law, which appellate courts review de novo. *Id.*

{¶ 8} While subject-matter jurisdiction concerns a court's power to hear and decide a case upon its merits, venue "refers to the locality where an action should be heard." *Publishing Group, Ltd. v. Cooper*, 10th Dist. No. 10AP-791, 2011-Ohio-2872, ¶ 8, citing

*Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972). *See* Civ.R. 3(C). "Venue is a procedural matter, whereby a court determines which court, among all of those with jurisdiction, is the best to hear the action." *Id.*, citing *Morrison* at 88. An appellate court reviews a trial court's decision on a motion to change venue for an abuse of discretion. *McCoy v. Lawther*, 17 Ohio St.3d 37, 38 (1985); *Patterson & Simonelli v. Silver*, 11th Dist. No. 2003-L-055, 2004-Ohio-3028, ¶ 19.

{¶ 9} Bogan contends that her amended notice of appeal, identifying R.C. 2506.01 as the basis for her appeal, provided the Franklin County Court of Common Pleas with subject-matter jurisdiction over the case. As such, Bogan asserts the trial court possessed jurisdiction to transfer the case to the Mahoning County Court of Common Pleas. Bogan does not assert any error regarding the trial court's conclusion that neither R.C. 119.12, 5101.35, nor Ohio Adm.Code 5101:2-33-20 provided Bogan with authority to appeal MCCS's May 21, 2019 decision.

{¶ 10} "[A]bsent specific statutory or constitutional authority, a party has no inherent right to appeal from an order of an administrative agency." *Springfield Fireworks, Inc. v. Ohio Dept. of Commerce*, 10th Dist. No. 03AP-330, 2003-Ohio-6940, ¶ 17. *Accord* Article IV, Section 4(B), Ohio Constitution (providing the courts of common pleas with "powers of review of proceedings of administrative officers and agencies as may be provided by law"); *Midwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 177 (2001). "Thus, courts of common pleas lack jurisdiction to review actions of administrative agencies unless R.C. 119.12 or some other specific statutory authority grants it." *Clifton Care Ctr. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 12AP-709, 2013-Ohio-2742, ¶ 9, citing *Total Office Prods. v. Ohio Dept. of Adm. Servs.*, 10th Dist. No. 05AP-955, 2006-Ohio-3313, ¶ 12.

{¶ 11} "[W]hen the right to appeal is conferred by statute, an appeal can be perfected only in the manner prescribed by the applicable statute." *Welsh Dev. Co. v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604, ¶ 14. Thus, "a statutory requirement for appealing an administrative order to a specific court is a matter of subject-matter jurisdiction and not venue." *Greater Dayton Regional Transit Auth. v. State Emp. Relations Bd.*, 10th Dist. No. 14AP-876, 2015-Ohio-2049, ¶ 40 (finding the R.C. 4117.13(D) requirement that a party file an appeal from an order of the state employment relations board "to the court of common pleas of any county where the person transacts business

relate[d] to subject-matter jurisdiction and not venue"). *Accord Calo v. Ohio Real Estate Comm.*, 10th Dist. No. 10AP-595, 2011-Ohio-2413, ¶ 38 (stating that, as the appellant sought to appeal an agency's order "under the provisions of R.C. 119.12," his rights were "as set forth in the statute, and he must comply with the terms of the statute to perfect his appeal, including the county where the appeal is filed"); *Heskett v. Kenworth Truck Co.*, 26 Ohio App.3d 97, 98-99 (10th Dist.1985) (holding that R.C. 4123.519, which specified that a claimant must file their appeal from an order of the Industrial Commission in the common pleas court of the county where the injury occurred, was "more than a venue statute" as it was "a jurisdictional statute").

{¶ 12} If a court lacks subject-matter jurisdiction to consider an administrative appeal, it cannot grant a motion to transfer venue to the appropriate court. *Saxour v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 96APE09-1271 (May 27, 1997) (holding that as the "common pleas court lacked jurisdiction," it "could not grant appellant's motion for transfer of venue"). *Accord Greater Dayton Regional Transit Auth.* at ¶ 40 (concluding that as the "common pleas court lacked subject-matter jurisdiction, the court lacked the authority to transfer venue to the appropriate court"); *Nibert v. Ohio Dept. of Rehab. & Corr.*, 119 Ohio App.3d 431, 433 (10th Dist.1997).

{¶ 13} Even if we assume that MCCS's May 21, 2019 decision constituted a final order under R.C. 2506.01(C),[1] and that Bogan's R.C. Chapter 2506 appeal was timely,[2] we would still find the Franklin County Court of Common Pleas lacked subject-matter jurisdiction over the case. R.C. 2506.01(A) provides that "every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of

---

[1] In *Moore v. Franklin Cty. Children Servs.*, 10th Dist. No. 06AP-951, 2007-Ohio-4128, we concluded that a decision from Franklin County Children Services upholding a finding of "indicated" sexual abuse of a child against the appellant was not a final order under R.C. 2506.01(C), as the decision did not affect the appellant's legal rights, duties or privileges and the appellant's contention that "his future employment opportunities working with children may be impaired [was] speculative and remote at best." *Id.* at ¶ 21. *See also Ferren v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 8th Dist. No. 92294, 2009-Ohio-2359, ¶ 16; *Geyer v. Clinton Cty. Dept. of Job & Family Servs.*, 12th Dist. No. CA2020-06-008, 2021-Ohio-411, ¶ 14.

[2] In an R.C. Chapter 2506 appeal, the appeal must be perfected within 30 days after entry of the administrative agency's final order. R.C. 2506.01; 2505.07; *Lupo v. Columbus*, 10th Dist. No. 13AP-1063, 2014-Ohio-2792, ¶ 12. Although Bogan filed the present appeal over 30 days after MCCS issued the May 21, 2019 decision, Bogan alleges the appeal was timely because MCCS never served the May 21, 2019 decision on her. However, as the trial court would have lacked subject-matter jurisdiction even if Bogan had timely filed the R.C. Chapter 2506 appeal, we need not resolve the timeliness issue.

common pleas of the county in which the principal office of the political subdivision is located as provided in [R.C.] Chapter 2505." *Compare Davis v. State Personnel Bd. of Review*, 64 Ohio St.2d 102, 104 (1980) (stating that the phrase "may appeal" in a statute refers "to the option of the aggrieved party to initiate an appeal, rather than implementing an option as the proper forum for the appeal").

{¶ 14} Thus, Bogan's right to appeal pursuant to R.C. Chapter 2506 was set forth in the statute. Pursuant to R.C. 2506.01(A), "the only court with statutory authority to hear that appeal * * * is, the court of the county in which the [agency's] principal office is located. Under the plain language of R.C. 2506.01, no other court [is] authorized to hear [the] appeal." *Hamer v. Danbury Twp. Bd. of Zoning Appeals*, 6th Dist. No. L-19-1210, 2020-Ohio-3209, ¶ 16 (finding the Lucas County Court of Common Pleas lacked subject-matter jurisdiction over an R.C. Chapter 2506 appeal from an order of the Danbury Township Board of Zoning Appeals ("BZA"), as the BZA's principal office was located in Ottawa County and thus the only court with "authority to hear that appeal was the Ottawa County Court of Common Pleas").

{¶ 15} MCCS's principal office is located in Mahoning County. Thus, pursuant to R.C. 2506.01(A), the only court with jurisdiction to hear an appeal from a final order of MCCS was the Mahoning County Court of Common Pleas. Accordingly, even if Bogan met the other statutory requirements to file an R.C. Chapter 2506 appeal from MCCS's decision, the Franklin County Court of Common Pleas would have lacked subject-matter jurisdiction to decide the appeal. As such, the trial court would also have lacked authority to transfer Bogan's R.C. Chapter 2506 appeal to Mahoning County. *See Saxour*; *Greater Dayton Regional Transit Auth.* at ¶ 40; *Nibert* at 433.

{¶ 16} On review, we find the trial court did not err in granting MCCS's motion to dismiss the case or in denying Bogan's motion to change venue. Bogan's first and second assignments of error are overruled.

{¶ 17} Having overruled Bogan's two assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*


KLATT and MENTEL, JJ., concur.

_____